Laramore, Judge,
delivered the opinion of the court:
This is a suit by a veteran’s preference eligible to recover salary he would have earned if he had:not been separated from his job in the Post Office Department. He alleges that he slapped his supervisor but contends that the action of the Post Office Department in dismissing him as a result of this incident was arbitrary and capricious, in that the slapping incident was provoked by the bias and insults of *690 his supervisor and does not amount to cause within the meaning of section 14 of the Veterans’ Preference Act of 1944, 58 Stat. 887, 390, as amended 61 Stat. 723.
Defendant has moved for judgment on the pleadings for the reason that the pleadings fail to state a claim upon which this court will grant relief.
The facts as alleged in the petition and which are, for the purposes of this motion, admitted by the defendant as well pleaded, are these:
On August 22,1955, Acting Dispatcher Hamkalo assigned a certain run to plaintiff and while plaintiff was changing into work clothes the dispatcher assigned the run to a fellow worker and assigned plaintiff to a less desirable run. When plaintiff asked Mr. Hamkalo the reason for the change he was advised “you niggers ask too many questions.” The remark so provoked plaintiff that in a sudden and uncontrollable rage he slapped Mr. Hamkalo’s face. The petition further alleges that the action was not an intentional assault, but was a purely reflexive action on his part as a result of continued abuse and racial bias.[1]
On October 25, 1955, plaintiff received written notice in accordance with the provisions of section 14 of the Veterans’ Preference Act, supra, that the Post Office Department proposed to separate him from his position on charges of assaulting his supervisor, failing to report for duty, and failure to pay his debts. Accordingly, plaintiff was dismissed effective November 25, 1955.
The dismissal of plaintiff was affirmed by the Board of Appeals and Eeview of the Civil Service Commission on January 29, 1956. By this decision the assault charge was sustained but the other two charges were overruled.
No question is presented as tó any procedural inadequacy or arbitrary action on the part, of the Civil Service Commission. The only complaint is that the Post Office Department was arbitrary and capricious in dismissing him because the assault was provoked and “does not amount to cause within the meaning of section 14 of the Veterans’ Preference Act of 1944.”
*691 Section 14 provides that no preference eligible can be dismissed except for such cause as will promote the efficiency of the service. The act then provides the procedures to be followed.[2]
The question then is whether the slapping incident constituted reasonable cause for his removal. This question can only be answered in the affirmative. ' While we do not condone the use of the language complained of, we do believe that it furnished no excuse for violence. Certainly not only the Post Office Department but the nation would be in á chaotic condition if every person was permitted to take, any violent steps he deemed necessary to assuage his feelings for an insulting remark. Our daily lives are controlled by laws which are not made for frivolous reasons, and are not made to be broken. Plaintiff did commit an act which constituted a breach of law, and it is for the Post Office officials to determine whether the action was reasonable cause for removal.
In Croghan v. United States, 116 C. Cls. 577, 586, this court said:
Seasonable cause for removal is sufficient under the statutes since under the law authority to dismiss an employee for cause is vested in the proper administrative officers without specific limitation on their exercise of judgment and discretion under that authority, and no provision is made for review of their findings where the prescribed procedure is followed, as it was here. Dismuke v. United States, 297 U. S. 167; James Carlisle Baskin v. United States, 95 C. Cls. 455, 459, 460. The power of removal is incident to the power of appointment, Myers v. United States, 272 U. S. 52; Burnap v. United States, 252 U. S. 512. An allegation of arbitrary and capricious action must be so clearly established as to show that the action was taken maliciously and in bad faith. Gadsden v. United States, 111 C. Cls. 487.
The Post Office Department found there was reasonable cause for removal and we can find nothing improper in this action. It would indeed not only promote the efficiency of the Post Office Department, but all other services if persons resorting to violent acts were dismissed for that reason.
For the above reasons we conclude that the Post Office Department acted within the scope and meaning of section 14 *692 of the Veterans’ Preference Act, supra, and such, action was not arbitrary or capricious. Accordingly, defendant’s motion is granted and the petition is dismissed.
It is so ordered.
Reed, Justice {Bet.), sitting by designation; MaddeN, Judge; Whitaker, Judge, and JONES, GMef Judge, concur.

 The petition-contains no further reference to any continued abuse and racial bias.

 Plaintiff mates no complaint of procedural violations.