JoNES, Chief Judge,
delivered the opinion of the court:
Plaintiff, a veteran preference eligible, sues for back pay as supervisory maintenance engineer at the Naval Air Technical Training Center, Norman, Oklahoma, for the period beginning May 7, 1957, the date of his allegedly unlawful separation. He contends that there was a failure to comply with section 14 of the Veterans’ Preference Act of 1944, 58 Stat. 387, as amended, 61 Stat. 723, and the Navy Civilian Personnel Instructions in the removal action accomplished by the installation. In addition, he asserts that the review action taken by the Civil Service Commission was arbitrary and capricious in that it did not include an adequate investigation of the facts connected with the agency action.
On April 5, 1957, plaintiff was served with a notification of proposed removal for cause which set forth in paragraph 2 a series of remarks descriptive of the manner of his performance of duty since his assignment as a civilian employee at the Norman installation. The third paragraph of the notice recited seven “examples” of plaintiff’s ineffectiveness in the performance of his job. These seven subparagraphs included dates, places, and other particulars identifying the “examples” of ineffectiveness. Plaintiff was advised that he had the right to reply to the charges and to request a personal interview concerning them.
He replied in due time in the nature of a general denial. That is, he did not address himself to the seven “examples” of inefficiency; rather, he stated that the proposed removal was not in conformity with applicable law, and was without merit. Plaintiff did not request a hearing within the agency.
Plaintiff was notified by the installation commanding officer that the charges were correct as stated in the notice of proposed action and that he would be separated for inefficiency, effective May 7, 1957. This notice of removal restated the seven “examples” of inefficiency. Plaintiff was notified also that he had the right to appeal the action to the Civil Service Commission or to the Secretary of the Navy through Navy channels, whichever he preferred. On April 15, 1957, plaintiff, through his attorney, appealed the discharge action and certain other personnel actions not pertinent to this opinion. He requested that he be afforded a *42 bearing before an appeals examiner of the Eighth Civil Service Eegion and that an investigation of the “total situation” underlying his separation be conducted. He referred to a number of occurrences which he apparently considered to be evidence of retaliation against him by other persons at the air installation, which retaliation was the true cause of his discharge.
An investigation was conducted from May 10,1957, to September 11,1957, and on October 22,1957, a hearing was conducted before a Civil Service Commission appeals examiner at Oklahoma City.
The decision of the appeals examiner treated each of the seven “examples” of inefficiency, and specific consideration was given to information apparently developed in the course of the investigation. The examiner found that six of the seven charges made by the agency were supported and he offered the opinion that the discharge of an employee responsible for such deficiencies would promote the efficiency of the service. The decision also stated that the other incidents referred to by plaintiff in his request for investigation were not deemed to fall within the purview of the applicable law.
Plaintiff appealed the decision of the regional examiner to the Board of Appeals and Eeview which concluded that a complete review of all the evidence disclosed no reason to reverse the regional examiner. Similarly, the Civil Service Commissioners, after studying the record in full, could find no reason to reopen the case.
Plaintiff’s petition in this court attacks the advance notice and notice of termination as failing to satisfy the requirements of the Veterans’ Preference Act, the Navy Civilian Personnel Instructions, and the Federal Personnel Manual, and it alleges that a discharge based on “examples” of inefficiency rather than reasons or charges of inefficiency is illegal. The plaintiff claims, in any event, that the “examples” were not specific or in detail and that certain of the reasons for dismissal were abandoned by the agency during the Civil Service proceedings. Finally, the petition charges arbitrary and capricious conduct at every stage of the Civil Service involvement in the case, particularly in that it did *43 not conduct an adequate investigation at the regional level.
The basic circumstance of what plaintiff calls retaliation occurred in the early part of 1956 when the Navy instituted a new maintenance control program at its installations which departed radically from the program in effect theretofore. Plaintiff seems to have felt that it was his obligation to see that the program was implemented at the Norman installation, although it appears that there were several Navy officers whose authority and responsibility exceeded plaintiff’s. At any rate, it seems that the new program caused some controversy and that antagonism developed between plaintiff and most of the people with whom he came in contact. His failure to achieve results prompted plaintiff to institute a formal grievance proceeding which, in effect, challenged the maintenance control system as it then existed and sought to force the military and civilian personnel concerned to comply with measures desired by plaintiff. Plaintiff feels that his action in instituting the grievance hearing led his superiors to retaliate against him by causing his discharge.
Let us begin by saying that we can find no violation of the procedural safeguards of section 14 of the Veterans’ Preference Act at the agency level. He was given an advance written notice of the proposed action more than 30 days before it took place and he was informed of his right to answer the charges personally and in writing. We think that the “examples” of inefficiency were set forth in such detail and with such specificity that he was adequately informed in what respects his work was unsatisfactory and that he could have prepared a response to the charges. He was informed of his right to appeal the agency decision to the Civil Service Commission, which he did. Eegardless of what label they bore, the “examples” of inefficiency were clearly “reasons” within the meaning of section 14.
Plaintiff suggests that the notice of proposed removal did not contain all the reasons therefor because it failed to specify that one reason was management’s desire to retaliate against him. We find it somewhat surprising to expect that the agency would inform an employee that he was being fired because it desired to violate or circumvent the law. Be that as it may, before this court will make a determination *44 that there were reasons for plaintiff’s discharge other than those disclosed in the advance notice, it must be convinced from the record that this is so.
Though it is by no means clear that the petition alleges retaliation by the agency, the point may be said to be raised in the brief. The only material in the record addressed to this contention is an affidavit of another former employee of the installation. We are of the opinion that this document does no more than point to events of equivocal significance which could be interpreted as reprisal against plaintiff. The other exhibits which are a part of the record, in our opinion, only show that plaintiff’s actions on the job were such as might have invited retaliation. In other words, plaintiff has not made a prima facie showing that retaliation was a reason for his removal, and, therefore, an omission to list that as a reason for removal cannot be said to violate section 14 of the Veterans’ Preference Act.
The unsubstantiated assumption that retaliation was the real reason for his dismissal leads plaintiff into another false argument. In his petition and briefs, he insists upon describing his removal as a disciplinary action in punishment for his audacity in questioning his superiors in the grievance proceeding. We find no proof in the record that the removal was disciplinary action rather than because of inefficiency as stated in the advance notice and notice of separation. The Navy Civilian Personnel Instructions referred to in the petition concern disciplinary actions against employees. Since this is not a disciplinary action, it is immaterial whether or not the agency complied with the cited regulations. Likewise, the table of maximum punishments which plaintiff claims was disregarded refers to disciplinary actions only.
Let us sum up our discussion thus far by saying that we have not been shown any violations of procedural law or regulation with respect to the agency action which would warrant our overruling the Civil Service Commission on that point.
We should mention in passing that plaintiff overlooks the fact that his suit in this court is based on an alleged illegal separation. He has alluded throughout to certain occur *45 rences which he views as evidence of retaliatory treatment, e.g., an earlier (and rescinded) reduction-in-force notice, a “satisfactory” performance rating for the same period as the charges of inefficiency, an alleged illegal detail, and the like. These do not add anything of probative value to the claim of retaliation. Moreover, this is not the time or the forum in which to litigate irregularities concerning those occurrences.
Plaintiff has several complaints about the conduct of his case subsequent to its timely appeal to the Civil Service Commission. He finds that some 21 other “identifiable allegations against plaintiff,” which he feels were made in the advance notice, were abandoned by the agency subsequent to the discharge. We do not readily see how any such abandonment could have prejudiced plaintiff. But, as a matter of fact, the allegedly abandoned charges are immaterial. He seems to have mistakenly interpreted as separate charges of misfeasance the remarks in paragraphs 2 and 3 (as distinguished from the “examples”) of the advance notice, which constituted a general characterization of his work. The remarks were mere surplusage and because of the vague and indefinite manner of presentation they could certainly not have stood as valid charges of inefficiency.
The record reveals that the Civil Service regional examiner considered not only the legality of the removal procedures but also carefully weighed the merits of the inefficiency charges. His decision makes it clear that evidence was accumulated relevant to the specific charges. It appears that not only was plaintiff given the opportunity to furnish documentary evidence and resumes of expected testimony, but that he was also afforded the opportunity to appear before the appeals examiner with counsel.
It is true that the appeals examiner believed that he did not have the authority to discuss the event which plaintiff claimed were evidence of retaliation. But it is not correct, as plaintiff suggests, that the examiner found the agency free of any ulterior motives in the discharge. He never reached that question because he made a considered determination, based on a full hearing and investigation, that plaintiff had been guilty of the derelictions charged. He *46 found, as required by the Veterans’ Preference Act, that plaintiff’s discharge would promote the efficiency of the service. Plaintiff alleges that the investigation provided for by section 14 and Civil Service regulations[1] pertaining to discharges under the Act was legally inadequate. The law and regulations do not spell out the scope of the investigation; however, it is clear in this case that an extensive investigation was conducted and plaintiff has supplied no evidence that the Civil Service Commission did not investigate all facets of the discharge.
After a full discussion of the evidence, the regional examiner concluded that the agency was correct in six of seven serious charges of inefficiency and he sustained the discharge as promoting the efficiency of the service. This being true, we do not think that failure to decide the question of retaliation is a legally fatal deficiency.
The possibility of agency motives other than the efficiency of the service should not negate an otherwise legally consummated separation based on inefficiency. Moreover, at no point does plaintiff allege that the charges against him were unfounded. Nowhere does he claim that but for retaliation he would not have been separated. If a legally sound removal for cause exists it should not be invalidated because of a possible but unsupported taint. To hold otherwise would enable an inefficient civil servant to make his job more secure by engaging in activities calculated to invite reprisal by his superior.
The plaintiff did not present any evidence of retaliation to the officials at the agency level. In fact he did not mention it. He did not even answer the specific charges, but contented himself with a general denial of the seven specific charges of inefficiency.
The operating agency is the employer. It is responsible for its work product. Plaintiff gave no one in the agency any chance to correct any alleged improper conduct toward him on the part of anyone. The operating agency should have first chance on the merits of the case.
Other claims of illegality directed toward the Civil Service proceedings are without merit. The Commission cannot *47 be criticized for failing to secure the presence of witnesses when it does not possess subpoena powers. Nor can we find any abuse of discretion by the Commission for declining to reverse or reopen plaintiff’s case in the face of legally sufficient cause for removal.
In view of plaintiff’s failure to support the charge of arbitrary and capricious action by the Civil Service Commission, its action must be deemed final. The record in this case does not show a cause on which relief could be granted for plaintiff.
The defendant’s motion for summary judgment will be granted. The plaintiff’s motion for summary judgment will be denied, and the petition will be dismissed.
It is so ordered.
Littleton, Judge (Bet.),/ Laeamore, Judge/ MaddeN, Judge, and Whitaker, Judge, concur.

 5 C.F.R. 22.8.