Laramore, Judge,
delivered the opinion of the court:
Plaintiff, a veteran’s preference civilian employee, sues for back pay on account of her allegedly unlawful discharge for insubordination and interference with a fellow employee.
The pertinent facts are these: Plaintiff, on February 15, 1957, moved up from her own desk and occupied that of her immediate superior in the latter’s absence, for the purpose of carrying out her duties as alternate supervisor. However, she was ordered to vacate said desk, both verbally and in *594 writing, but refused to do so. Because of this incident, she was suspended for five days. Three days later, on February 18, 1957, plaintiff again moved up from her desk and occupied the desk of her immediate superior. After some intervening events and conversation, plaintiff’s branch chief ordered her, both orally and in writing, to vacate the desk and return to her own. Again she refused.
These incidents were reported to the Chief of the Finance Office, Lt. Col. V. E. Smith. Colonel Smith, accompanied by a security officer, went to the desk and gave plaintiff a direct order to vacate said desk. Plaintiff did not move and stated that she could not discharge her duties if she moved and that she would move if she were relieved from the proper discharge of her duties. The security officer explained to plaintiff that she had been given a direct order by a superior and that she should obey without question. Plaintiff, however, still did not move.
Charges were preferred against plaintiff. She was charged with insubordination to the branch chief and insubordination to Colonel Smith, and with intimidation and interference with a fellow employee. Plaintiff requested and received a personal hearing and was subsequently discharged. This discharge was thereafter reversed by the Civil Service Commission because of a procedural defect.
After her reinstatement, charges were again preferred against plaintiff, based on the same incidents and she was again discharged. It is the last discharge which is in controversy here.
After having pursued her administrative remedies, plaintiff brought this suit for loss of pay resulting from the alleged improper dismissal.
Plaintiff contends (1) that the agency refused to grant her a hearing at the agency level; (2) the agency failed to prove the charges by reliable, probative, and substantial evidence; (8) the agency violated its own regulations by discharging her rather than suspending her, because only one incident of insubordination was involved; (4) the power of removal was improperly delegated to a subordinate; (5) the Civil Service Commission erred in sustaining the discharge after it had found plaintiff innocent of one of the *595 four counts of the charges against her; (6) the second dismissal amounts to double jeopardy; and (7) the agency violated its own regulations by failing to return her to her regular position upon the termination of a detail.
It is the contention of defendant that the second discharge was proper in all respects, as found by the Civil Service Commission.
Respecting plaintiff’s first contention — initially plaintiff was served with advance notice, answered in writing, requested and received a personal hearing. She was thereafter discharged. This discharge was reversed by the regional civil service office on account of a procedural defect not relevant here. Plaintiff was again served with an advance notice, answered in writing, and requested a hearing pursuant to Air Force grievance procedures. However, Air Force regulations provide that after discharge its grievance procedures shall not be invoked if an employee appeals to the Civil Service Commission. MA AMA Regulation NR 40-6.
In light of the above it seems clear, as the Civil Service Commission held, that plaintiff was initially given the requested hearing and that in the second notice of charges preferred against her, she did not request a hearing at the agency level. In other words, her request at that time was for a hearing pursuant to Air Force grievance procedures which, under the above-cited regulation, was not available. This was all considered by the Civil Service Commission in its decision adverse to plaintiff. Furthermore, this court has recently held that a request to answer “personally” at the agency level, pursuant to the Veterans’ Preference Act, 5 U.S.C. § 863 (1952 Ed), must be made in clear and unmistakable language. LaMarche v. United States, 150 Ct. Cl. 631. Obviously plaintiff did not make such a request.
Respecting plaintiff’s second contention that the agency failed to prove the charges by probative evidence — the record is clear that plaintiff actually did refuse to move back to her own desk even after it was explained to her that she must obey an order by a superior. As a matter of fact, she has never denied that she refused to move. Therefore, she must have been guilty of insubordination. One can *596 readily see the chaos which would be created if subordinate employees were permitted to decide what should or should not be done in a given situation. If plaintiff had some sound reasons for remaining at the questionable desk, certainly a refusal to move was not the correct method of righting the wrong. She should have appealed through regularly provided channels and not have taken the law in her own hands. See Ruffin v. United States, 144 Ct. Cl. 689.
Under these circumstances, we hold that the agency did prove the charges against plaintiff and the Civil Service Commission was correct in its affirmance of plaintiff’s dismissal.
Plaintiff’s third contention is that the agency violated its own regulations by discharging her rather than suspending her. In this respect it is noted that the regulation requires suspension for the first and second offenses and removal for the third. App. 1, MAAMAE 40-27.
The facts here show that on February 15, 1957 plaintiff refused to obey the order of her superior to move. Again on February 18, 1957 she likewise refused to move. Again, when Colonel Smith ordered her to move, she refused. If our arithmetic is correct, and we believe it is, this adds up to three offenses and consequently the agency was within its rights in removing plaintiff.
Charge four of plaintiff is that the power of removal was improperly designated to a subordinate. We can find no merit in this contention. Paragraph 4, section 1, Chapter AF A10, AFM 40-1, provides:
It is the basic policy of the Air Force that authority and responsibility for effecting civilian personnel actions be vested in commanding officers of installations maintaining central civilian personnel offices. In the interest of efficiency and' economy the functions of civilian personnel administration at an installation will be consolidated and carried out through one central civilian personnel office. Based on the concept that the personnel program is an integral part of overall management, the civilian personnel office will assist supervisors and operating officials in effecting a sound program of employee-management relations and in solving personnel problems.
Paragraph 5b of section 1, supra, provides:
*597 5. Delegation of Authority. Commanding officers of installations at which central civilian personnel offices are established are authorized and directed, in accordance with current statutory, regulatory, policy, program, and procedural requirements and standards, to:
* Ht * ‡ *
b. Appoint, assign, promote and demote, compensate, and separate civilian employees.
Paragraph 2, item 14, CPL 3-57,25 February 1957, permits installation commanders to designate line and staff officials to act for them in personnel matters. In accordance with the above authority, paragraph 6, MAAMAK, 40-27, 7 July 1955, as changed, designates division chiefs and operating officials to take adverse action. A memorandum from Col. Walter E. Godard, Chief, NYAPD, dated April 26, 1957, authorized Colonel Smith to take final removal action. Thus it can readily be seen that it was within the power and authority of Colonel Smith to take final removal action.
Plaintiff’s nest contention (5) is that the Civil Service Commission erred in sustaining the discharge after it had found plaintiff innocent of one of the charges upon which the discharge was based. Again we can find no merit in this contention. Evidently the Civil Service Commission in its analysis of the evidence was persuaded that the remaining charges constituted ample ground for removal, and we can find nothing arbitrary in this, nor can we say that there was a lack of substantial evidence. See Preble v. United States, 150 Ct. Cl. 39; Atkinson v. United States, 144 Ct. Cl. 585.
Plaintiff’s sixth contention is that the second discharge amounts to double jeopardy. “Double jeopardy” applies to criminal charges and these were in no sense charges of a criminal nature. In any event, it is not unusual in cases where a procedural error is committed, for the agency to begin again and take final valid action. See Thompson v. United States, 145 Ct. Cl. 200.
Plaintiff’s seventh and final contention is that the agency violated its regulations by failing to return her to her regular position upon the termination of detail. This particular matter was the subject of another civil service proceeding in which the Civil Service Commission had, prior to the *598 time of plaintiff’s discharge, held that the deletion of supervisory responsibilities from plaintiff’s job description was not considered to be a reduction in rank or an adverse agency decision. Consequently, it is our opinion that the failure to return plaintiff to her regular position is extraneous to this proceeding. Furthermore, assuming it was necessary for plaintiff to occupy the desk in question, when she was told by her superiors to move back to her own desk and when another employee was ordered to occupy the desk in question, this was tantamount to a relief from her duties as alternate supervisor.
Plaintiff finally seems to imply that the discharge was grounded on racial prejudice. There is no specific charge of this nature in the petition. However, the Civil Service Commission did pass upon this question, and since we have found no procedural error present, and since no arbitrary action in this respect is alleged, this court will not interfere. Thompson v. United States, supra; Adams v. United States, 137 Ct. Cl. 52; Blackmon v. United States, 128 Ct. Cl. 288.
Defendant’s motion for summary judgment is granted, and plaintiff’s motion is denied. Plaintiff’s petition will be dismissed.
It is so ordered.
Daer, Senior District Judge, sitting by designation; Durfee, Judge; WhitaKer, Judge; and JoNes, Chief Judge, concur.