Laramore, Judge,
delivered the opinion of the court:
Plaintiff, a veteran preference eligible, was removed from his position as Loan Servicing Representative in the Federal Housing Administration on January 8, I960, for “unsatisfactory performance” of his official duties. Plaintiff contends that the removal was defective because he had received a satisfactory performance rating during the period in question and because the Civil Service Commission held the removal was warranted without sustaining all the charges specified by the Federal Housing Administration in the removal.
Plaintiff was a GS-9, Loan Servicing Representative in the Operations Division, Title I Section of the Federal Housing Administration at Jamaica, New York. On October 2, 1959, plaintiff was served with an advance notice of proposed separation for cause, which set forth seven specific charges, each alleging unsatisfactory performance of his official duties. Plaintiff replied to the charges personally and in writing. On January 4, 1960, plaintiff was notified that the charges set forth in the October 2, 1959 notice were sustained and that he would be separated for unsatisfactory performance effective the close of business January 8, 1960. Plaintiff’s removal was effected in accordance with the January 4,1960 notice.
Plaintiff appealed to the Civil Service Commission, pursuant to section 14 of the Veterans’ Preference Act of 1944, 58 Stat. 387, 390-391, as amended by the Act of August 4, 1947, 61 Stat. 723, 5 U.S.C. § 863 (1958). After a hearing, the Second United States Civil Service Region, in a decision dated March 15, 1961, sustained the agency’s action of removal. In its decision, the Second Civil Service Region found that two of the seven charges were not sustained, two of the remaining charges were sustained in part, and three of the seven charges were sustained in their entirety.
Plaintiff further appealed to the Board of Appeals and Review, and that Board, on November 8, 1961, affirmed the decision of the Regional Office that plaintiff’s removal was warranted and proper. The Board concurred with the *441 Regional Office that there was insufficient evidence upon which to base a finding that Charge 1, concerning deficiencies in recoveries, constituted unsatisfactory performance. The Board further found that Charge 2, concerning the coverage of his territory by plaintiff, was not procedurally defective because incorrectly stated, as the Regional Office had found, but the charge was not sustained due to a lack of substantiating evidence.
. Charge 3 stated in part that the plaintiff’s selection of “typical” cases for personal calls on December 17, 1958 was improper and unsatisfactory because 11 of the 15 calls were unnecessary. With respect to 6 of the 11 calls, the Regional Office, affirmed by the Board, ruled that the plaintiff offered an adequate explanation and, therefore, as to those 6 calls the charge was not sustained. It was further stated in Charge 3 that plaintiff’s selection of accounts for personal calls was unsatisfactory in that 9 of the 15 accounts plaintiff selected had been personally contacted within the preceding four months despite the fact that plaintiff had 526 accounts which had been inactive for six months or more, of which 388 had no personal contact since becoming inactive. The Board sustained the Regional Office’s ruling that the agency properly considered plaintiff’s selection of these accounts for personal contact unsatisfactory performance. The remainder of Charge 3 was accordingly sustained.
Charges 4, 6, and 7 were sustained in their entirety by the Regional Office and by the Board. Plaintiff was charged in Charge 4 with having openly disagreed with his supervisor in the presence of a debtor and offered suggestions which were not in accordance with the Department’s Collection Handbook. Charge 6 alleged that plaintiff had for a period of two years incorrectly certified on his travel vouchers speedometer mileage figures which were not reflected on his speedometer. Charge 7, that plaintiff’s failure to comply with a specific administrative directive of Zone Operations Commissioner, was also found to be unsatisfactory performance.
Charge 5 referred in one part to plaintiff’s filing of an incomplete and misleading report concerning actions taken to correct deficiencies called to his attention by an auditor’s *442 report. In this respect the charge was sustained by the Regional Office and by the Board. Part of the charge referred to inadequate action by plaintiff to correct deficiencies in four cases which the Regional Office found not related to the audit report. Since plaintiff’s actions in these four cases could not be identified with any deficiencies in the audit report they were not considered proper charges.
The Board of Appeals and Review concluded:
On the strength of the sustained charges, the Board, finds that the overall charge of unsatisfactory performance of [plaintiff’s] duties is established; that his removal was warranted; that it was taken for such _ cause as will promote the efficiency of the service within the meaning of Section 14 of the Veterans Preference Act; and that the decision to effect removal rather than take some lesser disciplinary action was not unreasonable, arbitrary or capricious.
Final action by the Civil Service Commission was thus dated November 8, 1961. Approximately one month after Mr. Angrisani’s removal, his position was’ filled by Mr. Seamen L. Burr, who continues to perform the duties formerly performed by Mr. Angrisani in Suffolk County, Long Island,, New York. At the time of his removal on January 8, I960',, plaintiff was a GrS-9 at $6,585 per annum. Mr. Burr was; appointed to the position as GrS-9 at $5,985 per annum, effective February 23, i960, and is presently earning $7,955 in* the same position. Plaintiff filed the petition herein on April 1, 1963, which was 39 months after his removal and nearly 17 months after final decision by the Civil Service-Commission.
At the outset it is noted that plaintiff admits on brief that “* * * an employee may be removed on charges if those charges are not related to the efficient performance of an employee’s duties.” He then argues that the Federal Housing Administration’s action was “procedurally defective and illegal” because plaintiff had received satisfactory efficiency ratings and was removed without the 90-day warning period provided by section 6 of the Performance Rating Act of 1950, 64 Stat. 1098,1099,5 U.S.C. § 2005 (1958).
The short answer to the above contention is that plaintiff’s, separation was for cause and considered such as to promote *443 the efficiency of the service and was pursuant to the Veterans7 Preference Act of 1944, supra, and he was afforded the “thirty days advance written notice” of the proposed separation as provided in section 14 of that Act. This is evidenced by the October 2,1959 notice and the final notice of January 4,1960.
This court has stated, on numerous occasions, that the procedures of the Veterans’ Preference Act, supra, and the Lloyd-LaFollette Act, 62 Stat. 354 (1948), 5 U.S.C. §652 (1958), govern removals for cause; that the procedures of the Performance Bating Act, supra, are not applicable to such removals. Atkinson v. United States, 144 Ct. Cl. 585 (1959); Chisholm v. United States, 149 Ct. Cl. 8, 12 (1960).
Since plaintiff’s removal was accomplished under section 14 of the Veterans’ Preference Act, supra, and in compliance with all procedures thereof, the court will not review the merits of his separation. Keim v. United States, 177 U.S. 290, 292 (1900); Monday v. United States, 146 Ct. Cl. 6, 9 (1959), cert. denied 361 U.S. 965, absent arbitrary or capricious action. Houston v. United States, 156 Ct. Cl. 38, 45, 297 F. 2d 838, 840, cert. denied 371 U.S. 815 (1962).
Plaintiff, in respect to the above principle, argues that the Civil Service Commission acted arbitrarily in affirming plaintiff’s removal for cause without sustaining m toto the specifications or charges for which his performance was found to be unsatisfactory. This argument has been rejected by the courts. Deviny v. Campbell, 194 F. 2d 876, 878 (D.C. Cir.), cert. denied 344 U.S. 826 (1952).
In Atkinson v. United States, supra, the court had this to say concerning the above contention:
* * * The Board was not bound to assume as a fact the bare possibility that the agency would have overlooked the defects of performance pointed out in the other six specifications, and retained the plaintiff in employment, if the charge found to be invalid in form had not accompanied the other six. The Board’s analysis of the evidence persuaded it that the matters charged in the six valid specifications, and proved, constituted ample ground for removal. The Board could not know to an absolute certainty that the removal would, in fact, have occurred, if the seventh specification had not been included in the charge. It did all that it could, as a practical matter, do when it concluded that there was enough *444 in the six valid charges, and the evidence, to justify the separation, [p. 601]
Stevenson v. United States, 155 Ct. Cl. 592 (1961), cert. denied 371 U.S. 835 (1962), is to the same effect.
Since in the case at bar the Board of Appeals and Review found that the overall charge of unsatisfactory performance was established and warranted plaintiff’s removal, plaintiff’s argument must fall under the authority of the cases cited above.
Plaintiff’s argument that the agency is estopped by the satisfactory performance ratings to remove plaintiff on the ground of unsatisfactory performance of his official duties is likewise without merit. This court, in Chisholm v. United States, supra, had this to say with respect to the above contention:
* * * It is not a prerequisite to the discharge of an inefficient employee that he first be given an unsatisfactory performance rating. The Court of Appeals for the District of Columbia so held in Thomas v. Ward, 225 F. 2d 953. The holding is clearly correct, [p. 13]
In view of the above, it is unnecessary to discuss defendant’s claim of laches.
For the foregoing reasons plaintiff is not entitled to recover. Plaintiff’s motion for summary judgment is denied, and defendant’s cross-motion is granted. Plaintiff’s petition is dismissed.