Plaintiff Wesley Yarnall, formerly a civilian employee of the United States Navy, brings this action to challenge his removal from federal employment. The case comes before us, without oral argument, on defendant’s motion for summary judgment on the grounds that (1) the Civil Service Commission’s administrative decision upholding the Navy’s decision to terminate plaintiffs employment (because of his repeated acts of insubordination) was correct as a matter of law, supported by substantial evidence, and neither arbitrary nor capricious; and (2) plaintiffs claim is barred by the doctrine of laches.[1] Plaintiffs opposition to the motion *666 is based on alleged due process and substantive violations, and on the ground that there are genuine issues of material fact which preclude summary disposition of this suit. We hold that we have been presented with no basis for invalidating the administrative decision or for a trial.
The challenged removal was initiated by the Navy in December 1975, and was approved by a senior agency official in February 1976 on the basis that all charges in paragraph two of the removal proposal were sustained.[2] That paragraph detailed four acts of insubordination by plaintiff occurring in September and October of 1975. These instances related to Mr. Yarnall’s refusal to cooperate with or follow the orders of his superiors at the Engineering Division of the Navy Plant Technical Representative Office, Autonetics (NPTR), where he was employed as a General Engineer.[3]
Plaintiff filed an administrative appeal of the removal action with the Federal Employees Appeal Authority (FEAA) of the then Civil Service Commission (CSC). After a hearing, FEAA upheld the Navy’s action, finding that there was substantial evidence in the form of memoranda, reports and testimony of agency officials corroborating paragraph two of the notice of proposed removal. The penalty of removal was expressly considered and upheld. A request for reopening and reconsideration was denied, and plaintiff brought suit in this court seeking reinstatement, back pay and other relief.
In this action, plaintiff Yarnall has not alleged or proven that the administrative decision is unsupported by substantial evidence, and our examination of the record reveals substantial and sufficient support for these insubordination charges. A number of witnesses testified before the FEAA to the events and acts charged against plaintiff, and the FEAA credited their testimony. (Plaintiff did not testify). *667 This evidence is plainly enough, at least in the absence (as here) of any detailed attack on the evidence.
While plaintiff unsuccessfully challenged the removal action on a number of other grounds before the FEAA, in this court he appears to rely solely on two alleged defects. The first is a supposedly fatal invalidity said to arise from the fact that one of the instances of insubordination occurred at a time when Mr. Yarnall’s immediate superior was away from the office, and the person who was to act in the regular chiefs place was also absent. As a result, the particular act of insubordination at issue[4] was directed toward Mr. John Horan, the NPTR official who had been orally delegated authority over plaintiff in the absence of the regular and ordinary substitute supervisors. Mr. Yar-nall argues that in these circumstances he had no obligation to obey Mr. Horan’s orders since the latter lacked authority over him, and that his refusal to obey those orders would not be a proper basis for removal. We must disagree. It is commonplace in the federal government for ad hoc or temporary supervisors to be selected for short periods during the interim absence of the regular officials. There is no reason to believe that plaintiff did not know this, or that Mr. Horan had not been delegated such authority over him. In fact plaintiff did not challenge Mr. Horan’s authority at the time (or inquire about it); he simply disobeyed him. That treatment was plainly unjustified.[5]
Plaintiff also argues that he was denied due process during the FEAA hearing as a result of the hearing examiner’s refusal to allow certain witnesses to be called. These were several Navy civilian personnel officials (CPOs) who, according to plaintiff, were necessary to prove his defense that the removal action was a part of a conspiracy against him which encompassed earlier grievance proceed *668 ings as well as the present removal action — a conspiracy in which (he said) the CPOs were intimately involved.
The examiner ruled that these witnesses could properly be excluded since plaintiff had failed to prove a connection between an alleged conspiracy involving them and the acts of insubordination with which plaintiff was charged. In this regard, the FEAA decision said:
Appellant’s final defense rests upon a theorem of conspiracy contrived by all senior agency officials as well as certain staff officials not employed by the agency herein. However, as explained at hearing, with such an affirmative defense appellant bore the burden of pleading and showing how the purported collusion related to the charges of insubordination (RT, p 73). This appellant failed to do nor did he even successfully articulate why such a conspiracy arguably was originally donceived. All agency witnesses who testified adamantly denied any • complicity in a conspiracy.[6] We find, as a matter of fact, that the preponderance of the credible evidence does not support the existence of any conspiratorial agency tactics that could somehow vitiate the charges herein involved. [Administrative Record at 245 (footnote added)].
The record reveals no ground for overturning this FEAA determination, nor is there any support for plaintiffs general allegations that the CPOs were part of a conspiracy or were motivated against him.[7] In the absence of such factors, we cannot say that the hearing officer abused his discretion or acted in a biased way in finding insufficient justification for calling the civilian personnel officers as witnesses.
Plaintiff also urges generally that there are a number of issues of disputed material fact which militate against a grant of summary judgment in this case and call for a trial. Our normal practice is to rest on the administrative record where an adequate hearing was held, as here. There is no reason to depart from that practice in this instance.
*669 Accordingly, defendant’s motion for summary judgment is granted, and the petition is dismissed.[8]
XT IS SO ORDERED.

 We do not reach defendant’s laches argument because we rule in its favor on the merits.

 The charges listed in paragraph two were the only ones relied on by the Civil Service Commission in its review of the Navy’s action.

 The charges alleged in detail that plaintiff repeatedly refused to discuss his work or give verbal status reports to his supervisors although expressly requested to do so. In that connection, the letter of proposed removal stated that plaintiff provided unsatisfactory and incomplete written status reports and those only after being specifically required to do so by written memoranda, and that he refused to complete work assignments timely and accurately.

 This act of insubordination is set forth fully in paragraph 2(d) of the notice of proposed removal. It deals with plaintiffs refusal to accept an oral work assignment and to complete it in a timely and competent manner.

 Schmidt v. United States, 145 Ct. Cl. 632 (1959), on which claimant relies, was quite different — it involved a reassignment which the court found was improperly based on political considerations and therefore did not have to be obeyed. In the present case there was nothing wrong with Mr. Horan’s order to plaintiff; it was prompted by the desire to have the work of the agency performed promptly as the situation demanded.

 While plaintiff did not get to confront the CPOs, he was permitted to question all of those persons who had accused him of the acts of insubordination, i.e., Mr. Pat McGuinness, Mr. John Horan and Mr. Roy Parker — all agency officials.

 Where, as is the case here, there is sufficient legal basis for a dismissal, the mere "possibility” of improper retaliatory or personally-motivated purposes of government officals is not ground for invalidation of the removal decision. See, Preble v. United States, 150 Ct. Cl. 39, 46 (1960). See also, Grover v. United States, 200 Ct. Cl. 337, 344 (1973).

 Aside from the removal, none of the other allegedly improper actions against plaintiff set forth in the petition fall within this court’s jurisdiction.