NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SAM B. TAWADROUS,**
*Petitioner,*

v.

**DEPARTMENT OF THE TREASURY,**
*Respondent.*

---

2012-3028

---

Petition for review of the Merit Systems Protection Board in case no. DA0752110106-I-1.

---

Decided: April 10, 2012

---

SAM B. TAWADROUS, of Plano, Texas, pro se.

JANE C. DEMPSEY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DEBORAH A. BYNUM, Assistant Director.

---

Before MOORE, CLEVENGER, and REYNA, *Circuit Judges*.

CLEVENGER, *Circuit Judge*.

Sam B. Tawadrous was a Tax Specialist in the Internal Revenue Service's ("IRS's") Bank Secrecy Act division. In November 2010, the Department of the Treasury ("Treasury") removed Mr. Tawadrous from his position on three charges: first, that he had inaccurately stated his birth year on numerous official documents; second, that during an official investigation he misrepresented under oath the fact that he had been indicted and arrested for insurance fraud in Collin County, Texas; and third, that his entry of a guilty plea to misdemeanor insurance fraud demonstrated that he had engaged in conduct unbecoming an IRS employee. Because of these alleged untruths and misconduct, Treasury determined that its trust and confidence in Mr. Tawadrous had been adversely affected.

Mr. Tawadrous appealed his removal to the Merit Systems Protection Board ("Board"). The Administrative Law Judge affirmed Mr. Tawadrous's removal. Init. Decision, *Tawadrous v. Dep't of the Treasury*, No. DA-0752-11-0106-I-1, 2011 MSPB LEXIS 1569 (M.S.P.B. Mar. 11, 2011) [hereinafter *AJ Op.*]. Mr. Tawadrous petitioned for Board review, which was denied. *Tawadrous v. Dep't of the Treasury*, No. DA-0752-11-0106-I-1, slip op. (M.S.P.B. Oct. 28, 2011) [hereinafter *Bd. Op.*]. Mr. Tawadrous timely appealed. This court has jurisdiction over appeals from final decisions of the Board. 28 U.S.C. § 1295(a)(4).

I

Mr. Tawadrous offers five arguments for why the Board's decision should be reversed. First, he contends that the Board committed reversible error in failing to take into account the larger context of his situation which,

he says, demonstrates that removal was unwarranted. Second, he argues that he was not actually an employee of the IRS at the time of the insurance fraud conviction. Third, Mr. Tawadrous argues that the Board did not recognize that these same charges were previously leveled, then withdrawn, by Treasury against Mr. Tawadrous, which Mr. Tawadrous suggests amounts to double jeopardy. Fourth, Mr. Tawadrous urges that his removal was not for the cited reasons, but was in fact retaliation. Fifth, he contends that the Treasury witnesses at his removal hearing gave untruthful testimony. We address these in order. Our task is to determine whether the Board's decision was arbitrary, capricious, an abuse of discretion, not in accordance with the law, or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Sandel v. Office of Pers. Mgmt.*, 28 F.3d 1184, 1186 (Fed. Cir. 1994). If not, we must affirm the final ruling of the Board.

## A

On appeal, Mr. Tawadrous attempts to give context to the removal charges and demonstrate that they were trumped up. Mr. Tawadrous contends that he is the victim of an unfair campaign to have him removed without justification. He explains the birth date misstatements by saying that when he first immigrated from Egypt, accurate birth records were unavailable. His age was therefore estimated for him at an early job, and he continued using the estimated birth date for various employment documents even after the correct birth date was subsequently determined.

As for the insurance fraud arrest and plea, Mr. Tawadrous contends that they arose from a series of disputes he had over work done to repair his home's roof. He contends that he never committed any wrongdoing,

but was victimized by an unethical insurance adjuster. While he acknowledges his guilty plea to misdemeanor insurance fraud, he contends that this was to save on legal fees, and not intended as an admission of culpability. Finally, he says he never intended to conceal this run-in with the criminal justice system from Treasury. He says he did not understand that the Collin County grand jury's finding of cause for the insurance fraud charge against him meant that he had been "indicted." Similarly, he says he did not understand that when he voluntarily entered police custody, went through the booking procedure, and paid a bond in order to leave, he had been "arrested" within the legal meaning of that term.

Though the story Mr. Tawadrous lays out helps explain how he reached his present situation, it does not present a cognizable basis for reversal. For each of the removal charges, Mr. Tawadrous is essentially arguing that he had no wrongful intent. As the AJ recognized, however, the removal charges do not require wrongful intent. *AJ Op.* at *10 ("The agency has not charged [Mr. Tawadrous] with falsification, only inaccuracy, therefore I find that a showing of intent to defraud or deceive is not required."). Mr. Tawadrous does not dispute that he repeatedly gave an inaccurate birth year on official forms. Neither does he dispute that he has been both "arrested" and "indicted." The justifications Mr. Tawadrous offers do not undo his misconduct.

We see no error in the AJ's treatment of Mr. Tawadrous's argument that his failure to acknowledge the arrest and indictment was a mere mistake. The AJ noted that Mr. Tawadrous has been in the United States for forty years, for many of which he occupied a position of trust with the federal government. The AJ found it "implausible that [Mr. Tawadrous] would forget to men-

tion this series of events [the indictment and arrest] to an investigator asking if he had ever been indicted or arrested." *Id.* at *15. We see no flaw in that reasoning, or in the AJ's conclusion that preponderant evidence supported both of the inaccuracy charges.

We similarly affirm the AJ's finding of preponderant evidence supporting removal for conduct unbecoming an IRS employee. As the AJ noted, this case turns not on the fraud charge's underlying merit (which Mr. Tawadrous disputes) but on the fact that Mr. Tawadrous's conviction is now a matter of record. Mr. Tawadrous's superiors were entitled to conclude that his conviction undermined both their own trust in him as well as, potentially, that of the public in the IRS. The AJ held, and we agree, that in such circumstances preponderant evidence supported Mr. Tawadrous's removal.

B

Mr. Tawadrous's next argument stems from a 2008 attempt by Treasury to remove him on charges different from this case. In January of 2008, Treasury removed Mr. Tawadrous for alleged deficiencies in his 2001 and 2002 federal income tax returns. In June of 2009, an administrative judge of the MSPB reversed the removal, and Treasury returned Mr. Tawadrous to his position. *AJ Op.* at *27 (discussing this previous attempted removal); *see also Tawadrous v. Dep't of the Treasury*, 110 M.S.P.R. 475 (2009) (discussing the tax charges against Mr. Tawadrous).

Mr. Tawadrous points out that his guilty plea and conviction on the fraud charge came in May of 2009, while he was still removed from his position and the matter was before the Board. He suggests that, because he was removed at the time, his conviction cannot be considered "conduct unbecoming" an IRS agent. The AJ addressed

this argument, citing previous opinions of the MSPB that "off-duty" misconduct could still support removal. We see no error in the AJ's analysis. *Brown v. Dep't of the Navy*, 229 F.3d 1356, 1361 (Fed. Cir. 2000) ("[O]ff-duty conduct that is inconsistent with the agency's mission and that undermines confidence in the employee can be sufficient to justify the employee's removal.").

C

Mr. Tawadrous's third argument concerns a June 2010 action by Treasury to remove him on the same charges that are at issue here. Mr. Tawadrous appealed that removal to the MSPB. About a month later, Treasury rescinded the removal and reinstated Mr. Tawadrous with back pay. The MSPB action was later declared moot. *See Bd. Op.* 5; *AJ Op.* at \*27–29; *see also* Init. Decision, *Tawadrous v. Dep't of the Treasury*, No. DA-0752-10-0493-I-1, 2010 MSPB LEXIS 7527, at \*3–4 (M.S.P.B. Dec. 21, 2010) (describing previous removal and reinstatement), *pet'n for review denied*, 2011 MSPB LEXIS 4847 (M.S.P.B. Aug. 8, 2011). Months passed. In November 17, 2010, Treasury removed Mr. Tawadrous again, on the same charges as in the removal of the previous June. It was the November 2010 action that resulted in the present appeal.

Mr. Tawadrous contends that it is unlawful for him to face two removal actions on the same charges. Like the Board, we disagree. This case does not invoke any unlawful "double jeopardy." *Stevenson v. United States*, 155 Ct. Cl. 592, 597 (1961) ("'Double jeopardy' applies to criminal charges and these were in no sense charges of a criminal nature. In any event, it is not unusual in cases where a procedural error is committed, for the agency to begin again and take final valid action."). In *Stevenson*, as here, the employee was removed from her position on a specific

charge. The removal was subsequently undone; in *Stevenson*, it was by order of the Civil Service Commission based on a procedural defect, while here it was by Treasury's voluntary action. *Id.* at 594. We therefore hold that, as in *Stevenson*, there was no Fifth Amendment double jeopardy problem in this case.

Though acknowledging that federal employment cases do not present a double jeopardy issue *per se*, the Board has for a number of years held that, "[w]here an agency has imposed disciplinary or adverse action because of an employee's misconduct, it is barred from subsequently taking another adverse action for the same reason." *Adamek v. U.S. Postal Serv.*, 13 M.S.P.R. 224, 226 (1982). The roots of this doctrine predate the creation of this court. *See McGhee v. Johnson*, 420 F.2d 445, 448 (10th Cir. 1969) (finding no res judicata problem for federal employee whose previous attempted removal was reversed on procedural grounds); *Jenkins v. Macy*, 357 F.2d 62, 66–67 (8th Cir. 1966) (finding no "double jeopardy" problem for a federal employee whose previous attempted removal was reversed on procedural grounds). But *Adamek*'s rule, by its own terms, does not apply to a case where the employee suffered no adverse consequence from the previous action. *Cf. Jenkins*, 357 F.2d at 67 (noting that employee was "fully reimbursed for his time lost" in the previous removal attempt).

It is undisputed that the June 2010 removal was rescinded before reaching judgment on the merits, and Treasury reinstated Mr. Tawadrous with back pay. With no final adjudication of the June 2010 removal, and no material harm resulting from it, it presents no obstacle to Treasury's November 2010 effort to remove Mr. Tawadrous on the same charges. We therefore see no error in the Board's ruling.

## D

Fourth, Mr. Tawadrous contends that his removal was retaliation, stemming either from his return to work after the 2008 attempted removal on tax charges, or from a 2007 EEO complaint he filed alleging sexual harassment. The burden of proving this charge is his, however. The AJ concluded that Mr. Tawadrous failed to carry that burden and, on review of both the record before the Board and Mr. Tawadrous's filings here, we see no error in that conclusion. *See AJ Op.* at \*32–33.

## E

Fifth and finally, Mr. Tawadrous contends that the IRS investigators attached to his case gave untruthful testimony to the Board. Once again, he has failed to present reliable evidence in support of that allegation, and we see no error in the Board's findings based on that testimony.

## III

For the reasons discussed above, the decision of the Board stands affirmed.

### AFFIRMED

### COSTS

No costs.