## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| SHARON DAVIS,<br>　　　　　Appellant,<br><br>　　　v.<br><br>DEPARTMENT OF VETERANS<br>　　AFFAIRS,<br>　　　　　Agency. | DOCKET NUMBERS<br>SF-0752-17-0435-I-1<br>SF-0752-18-0191-I-1<br><br>DATE:  June 12, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Steve Newman, Esquire, New York, New York, for the appellant.

Thomas L. Davis and Omar Qudrat, Los Angeles, California,
　for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed petitions for review in the above-captioned appeals, which dismissed her first appeal as moot, affirmed her removal in her second appeal, and found that she failed to prove her affirmative defenses.  Generally, we

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

grant petitions such as these only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in these appeals, we JOIN them for adjudication on review under 5 C.F.R. § 1201.36.[2] We conclude that the petitioner has not established any basis under section 1201.115 for granting the petitions for review. Therefore, we DENY the petitions for review and AFFIRM the initial decisions, except as expressly MODIFIED to supplement the administrative judge's analysis of the appellant's affirmative defenses of (1) equal employment opportunity (EEO) retaliation and (2) retaliation for filing a Board appeal wherein she alleged EEO retaliation. 5 C.F.R. § 1201.113(b).

The appellant provides a number of documents with her first petition for review. *Davis v. Department of Veterans Affairs*, MSPB Docket No. SF-0752-17-0435-I-1, Petition for Review (0435 PFR) File, Tab 1 at 8-23. She asserts that she did not submit these documents to the administrative judge because neither she nor her union representative knew how to submit documents. *Id.* at 4. To the extent that her union representative failed to submit these documents below, the appellant is responsible for the errors of her chosen representative. *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981). We find that these documents do not warrant disturbing the initial decision because the appellant has

---

[2] Joinder of two or more appeals filed by the same appellant is appropriate when doing so would expedite case processing and will not adversely affect the parties' interests. *Doe v. Pension Benefit Guaranty Corporation*, 117 M.S.P.R. 579, ¶ 23 (2012); 5 C.F.R. § 1201.36(a)(2), (b). We find that these criteria are satisfied here.

not shown that they were unavailable before the record closed despite her due diligence or that they are of sufficient weight to warrant a different outcome. *See Cleaton v. Department of Justice*, 122 M.S.P.R. 296, ¶ 7 (2015), *aff'd*, 839 F.3d 1126 (Fed. Cir. 2016); 5 C.F.R. § 1201.115(d).

The appellant asserts that the agency failed to return her to the status quo ante after it rescinded her May 9, 2017 removal on September 1, 2017, because it reproposed her removal 1 week later based on the same charges and specifications. *Davis v. Department of Veterans Affairs*, MSPB Docket No. SF-0752-18-0191-I-1, Petition for Review (0191 PFR) File, Tab 1 at 4-9. We agree with the administrative judge that the agency, following its rescission of the earlier removal based on its concerns about a due process violation, could reinitiate the removal action based on the same charges and specifications in a constitutionally correct proceeding. *Davis v. Department of Veterans Affairs*, MSPB Docket No. SF-0752-18-0191-I-1, Initial Appeal File, Tab 25, Initial Decision (0191 ID) at 2 n.1 (citing *Jenkins v. Environmental Protection Agency*, 118 M.S.P.R. 161, ¶ 14 (2012)); *see also Tawadrous v. Department of the Treasury*, 477 F. App'x 735, 738-39 (Fed. Cir. 2012).[3] The appellant has never disputed that the agency cancelled the first removal action and removed all references to it from her personnel file, returned her to pay status in her position of record, and provided appropriate back pay and benefits. *See Hess v. U.S. Postal Service*, 123 M.S.P.R. 183, ¶ 5 (2016). The agency's decision to repropose the appellant's removal 1 week after rescinding her removal does not show that it failed to provide status quo ante relief. *See Hagan v. Department of the Army*, 99 M.S.P.R. 313, ¶ 8 (2005) (noting that a status quo ante remedy does not require that the appellant be placed in a better position than he was at the time of the agency's action). Thus, we agree with the administrative judge that the agency completely rescinded the first removal action.

---

[3] The Board may choose to follow nonprecedential decisions of the U.S. Court of Appeals for the Federal Circuit if, as here, it finds the reasoning persuasive. *See, e.g., Erlendson v. Department of Justice*, 121 M.S.P.R. 441, ¶ 6 n.2 (2014).

The appellant asserts on review that she proved her EEO retaliation affirmative defense; however, she provides no substantive argument to refute any of the administrative judge's findings.[4]  0191 PFR File, Tab 1 at 9-10; *see Hsieh v. Defense Nuclear Agency*, 51 M.S.P.R. 521, 524-25 (1991) (holding that mere reargument of the same issues heard and decided by the administrative judge, with nothing more, does not constitute a basis for Board review), *aff'd*, 979 F.2d 217 (Fed. Cir. 1992) (Table).  Moreover, we find, contrary to the appellant's claim, that the administrative judge did not abuse her discretion by denying three of the nine witnesses that the appellant planned to call at the August 22, 2017 hearing in her first removal appeal because their proffered testimony regarding her EEO retaliation defense was irrelevant, cumulative, or not in dispute. 0435 PFR File, Tab 1 at 3; *see Parker v. Department of Veterans Affairs*, 122 M.S.P.R. 353, ¶ 21 (2015); 5 C.F.R. § 1201.41(b)(8), (10).

The appellant further asserts that the administrative judge "improperly abandoned her neutrality" by "answering for" the agency and becoming its "partisan" when analyzing the appellant's EEO retaliation defense.  0191 PFR File, Tab 1 at 10.  In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators.  *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980).  An administrative judge's conduct

---

[4] Claims of retaliation for opposing discrimination in violation of Title VII, as here, are analyzed under the same framework used for Title VII discrimination claims, which requires an appellant to show by preponderant evidence that a prohibited consideration was a motivating factor in the agency's decision. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-22, 30.  To the extent the administrative judge did not find in the initial decisions that the appellant failed to prove by preponderant evidence that her EEO activity was a motivating factor in the agency's decision to remove her, we supplement the administrative judge's analyses to make such a finding. *Davis v. Department of Veterans Affairs*, MSPB Docket No. SF-0752-17-0435-I-1, Initial Appeal File, Tab 20, Initial Decision at 7-9; 0191 ID at 16-17.  We also find that the appellant failed to prove by preponderant evidence that her first Board appeal, wherein she raised a claim of EEO retaliation, was a motivating factor in the agency's decision to reinitiate the removal action.  0191 ID at 16; *see Pridgen*, 2022 MSPB 31, ¶ 32.

during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). The appellant's bare allegation that the administrative judge became the agency's "partisan" does not meet this rigorous standard. The mere fact that the administrative judge rules against a party does not establish bias. *Thompson v. Department of the Army*, 122 M.S.P.R. 372, ¶ 29 (2015) (citing *Schoenrogge v. Department of Justice*, 76 M.S.P.R. 216, 220 (1997)). To the extent that the appellant also asserts bias because the administrative judge presided over her first removal appeal and found no EEO retaliation, we find her claims insufficient to establish bias. *See Nickerson v. U.S. Postal Service*, 49 M.S.P.R. 451, 461 (1991).

We have considered the appellant's remaining arguments on review but find that they do not provide any basis to disturb the initial decisions. 0435 PFR File, Tab 1 at 3-6; 0191 PFR File, Tab 1 at 4-10. Therefore, we deny the petitions for review and affirm the initial decisions in these joined appeals.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.