**Carl A. CHASE, Petitioner,**

v.

**DEPARTMENT OF THE ARMY, Respondent.**

No. 01–3307.

United States Court of Appeals,
Federal Circuit.

Dec. 7, 2001.

Before MAYER, Chief Judge, RADER, and DYK, Circuit Judges.

PER CURIAM.

Carl A. Chase appeals the final decision of the Merit Systems Protections Board (Board) affirming the action by the Department of Army (Army) reducing him in grade and pay and suspending him from duty and pay for a period of sixty days. Because substantial evidence supports the Board's decision, which is not arbitrary, capricious, or an abuse of discretion, this court *affirms*.

I.

Before the Army's action to reduce him in grade and pay, Mr. Chase was a GS–11 Supervisory Computer Operator at the United States Total Army Personnel Command in Alexandria, Virginia. On May 19, 2000, Mr. Chase and another employee, Thomas Vines, engaged in a verbal altercation in the workplace. During the exchange of words, Mr. Chase picked up Mr. Vines and threw him to the floor, fracturing his shoulder. Other employees witnessed this event and summoned security guards. The Department of Defense Protective Service arrested Mr. Chase, charging him with simple assault, giving him a mandatory court date, and then releasing him. The charge was dismissed in June 2000.

On June 8, 2000, the Army issued a "Notice of Proposed Removal," in which it proposed to remove Mr. Chase from his position in the Army based on his assault on Mr. Vines. On July 6, 2000, the Army issued its decision on the proposed removal. The deciding official, Colonel Charles Triplett, found that Mr. Chase, in his response to the proposed removal, had admitted the charged offense. Based on several mitigating factors, however, Col. Triplett mitigated the proposed penalty to a sixty-day suspension and a reduction in grade and pay to a non-supervisory GS–09 position.

Mr. Chase timely appealed the Army's disciplinary action to the Board. In his appeal, Mr. Chase did not challenge the merits of the Army's charge. Rather, he asserted that the penalty was excessive given his age, years of service, performance ratings, and the fact that while he was criminally charged with simple assault (and this fact was noted in the Army's initial action proposing his removal), the charge was dismissed without prejudice.

In the Board's initial decision, an administrative judge found that the Army had established, by way of stipulation by the parties, that Mr. Chase had physically assaulted Mr. Vines. The administrative judge also found that there was a "sufficient nexus" between Mr. Chase's actions

and the efficiency of the service. Finally, the administrative judge found that the Army had considered all relevant factors and assessed a penalty that was within the limits of reasonableness.

On November 9, 2000, Mr. Chase filed a petition for review of the initial decision to the full Board. The Board concluded that there was no new, previously unavailable evidence and that the administrative judge made no error in law or regulation that affected the outcome. Accordingly, in a final order dated July 2, 2001, the Board denied Mr. Chase's petition for review and rendered the initial decision final.

Mr. Chase timely appealed to this court, which has exclusive appellate jurisdiction. 28 U.S.C. § 1295(a)(9) (1994); 5 U.S.C. § 7703(b)(1) (Supp. IV 1998).

## II.

This court must affirm any Board decision not found to be: (1) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedure required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1996); *Hayes v. Dep't of Navy*, 727 F.2d 1535, 1537 (Fed.Cir.1984).

An agency, such as the Army, must establish three things to withstand challenge to an adverse action against an employee. *Pope v. United States Postal Serv.*, 114 F.3d 1144, 1147 (Fed.Cir.1997); *Gibson v. Dep't of Veterans Affairs*, 160 F.3d 722, 728–729 (Fed.Cir.1998) (Plager, J., concurring) (citing *Pope* ). First, the Army must prove, by a preponderance of the evidence, that the charged misconduct occurred. 5 U.S.C. § 7701(c)(1)(B) (1994). Second, the Army must establish a nexus between that misconduct and the efficiency of the service. 5 U.S.C. § 7513(a) (1994); *Hayes*, 727 F.2d at 1539; *Brown v. Dep't of Navy*, 229 F.3d 1356, 1358 (Fed.Cir.2000). Third,

it must demonstrate that the penalty imposed is reasonable. *See Douglas v. Veterans Admin.*, 5 MSPB 313, 5 M.S.P.R. 280, 306–307 (1981).

## A.

Mr. Chase does not dispute the first inquiry as the parties stipulated during the record-closing conference that the charged misconduct occurred. As part of the second inquiry, the Army must show, by a preponderance of evidence, that Mr. Chase's misconduct is "related to his job-related responsibilities so that [ ] removal promotes the efficiency of service." *Allred v. Dep't of Health & Human Servs.*, 786 F.2d 1128, 1130 (Fed.Cir.1986); *see also* 5 U.S.C. § 7701(c)(1)(B); 5 U.S.C. § 7513(a) (1994 & Supp. IV 2000). To satisfy this requirement, the Army must establish a nexus between Mr. Chase's misconduct and the Army's performance of its functions. *See Brown*, 229 F.3d at 1360.

An adverse action promotes efficiency of service when the basis for the action either relates to the employee's ability to accomplish his duties satisfactorily or to some other legitimate government interest. *See Hatfield v. Dep't of Interior*, 28 M.S.P.R. 673, 674 (1985). This court has previously held that there was a reasonable nexus between an employee's misconduct and the efficiency of the service where that misconduct occurred in part at work. *Parker v. United States Postal Serv.*, 819 F.2d 1113, 1116 (Fed.Cir. 1987)("[T]here is a direct connection to the efficiency of the service in that petitioner admittedly aided and abetted the sale of drugs to another employee at that facility in a transaction that was arranged at least in part at work"). Moreover, this court has held that nexus existed between the efficiency of the service and an employee's violent behavior against another employee. *See Dominguez v. Dep't of Air Force*, 803

F.2d 680, 683 (Fed.Cir.1986) (finding a nexus between efficiency of service and employee's assault against his supervisor at an off-duty location). In this case, Mr. Chase's misconduct was against another employee, which occurred at the work site and in the presence of other agency employees. Thus, the Board properly found a reasonable nexus between Mr. Chase's actions and the efficiency of service.

## B.

In reviewing an agency's penalty decision, the Board is required to ascertain whether the agency has responsibly balanced the factors delineated in *Douglas v. Veterans Admin.*, 5 MSPB at 332–333, 5 M.S.P.R. 280. Neither the Board nor this court decides what penalty the agency should have chosen. *Hayes*, 727 F.2d at 1539. Rather, they have a duty to decide whether the agency has selected a penalty within the "tolerable bounds of reasonableness." *Mitchum v. Tenn. Valley Auth.*, 756 F.2d 82, 84 (Fed.Cir.1985); *Hayes*, 727 F.2d at 1540. As stated by this court in *Dominguez*:

> [T]he court cannot and will not disturb a penalty unless it is unauthorized or exceeds the bounds of reasonableness because it is so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion, or where the record is devoid of any basis demonstrating reasonableness. (Citation omitted.)

803 F.2d at 684.

With regard to the *Douglas* factors, Mr. Chase contested the reasonableness of his reduction in grade penalty by citing to the Board: (1) his thirty years of government service; (2) the admitted misconduct was his first offense; and (3) the penalty was harsher than it should have been because he was a supervisor. He additionally offered an unsworn statement from his immediate supervisor, James Gibson, who stated that "[it] would be a great loss to this section and the agency itself if Mr. Chase is not allowed to resume his duties as a shift supervisor."

As to the first two assertions, the Board found that although this was Mr. Chase's first offense, the seriousness of the misconduct (and the fact that Mr. Chase was a supervisor) outweighed Mr. Chase's "years of service and the quality of his prior performance." *Chase v. Dep't of Army*, No. DC–0752–00–0690–I–1, slip op. at 12 (M.S.P.B., Nov.6, 2000).

As to the third assertion, the Board found that the Army's penalty in this case did not exceed the bounds of reasonableness because a supervisor "occupied a position of trust and responsibility, and therefore the agency [was] entitled to hold him to a higher standard of conduct than non-supervisory employees." *Id.* at 13 (citing *Hanna v. Dep't of Army*, 42 M.S.P.R. 233, 240 (1989)).

Finally, Mr. Chase asserts to this court that the Board failed to take into account "that at the time of the altercation, [he] was not on duty." This court notes that the record reflects that before the Board, Mr. Chase only challenged the reasonableness of the Army's proposed action. Because Mr. Chase is raising this assertion for the first time, this court need not consider his new argument that he cannot be disciplined because he was not on duty. *See Litzenberger v. Office of Pers. Mgmt.*, 231 F.3d 1333, 1334 n. 2 (Fed.Cir.2000).

█ Even assuming Mr. Chase did raise this argument before the Board, the argument is unavailing. It is well settled that an agency may impose discipline (including demotion or removal) in response to an employee's off-duty misconduct. *Dominguez*, 803 F.2d at 680. In this case, as discussed above, Mr. Chase's misconduct occurred at the work site, and also in the presence of other agency employees.

Thus, the Army's action demoting Mr. Chase is within "the bounds of reasonableness." *Id.* at 684.

## III.

In sum, because the Board's decision to affirm the Army's action reducing Mr. Chase in grade and pay and suspending him from pay and duty for a period of sixty days is not arbitrary, capricious, an abuse of discretion, unlawful, procedurally deficient, or unsupported by substantial evidence, this court affirms.