**Joe T. DOMINGUEZ, Petitioner,**

v.

**DEPARTMENT OF the AIR FORCE, Respondent.**

**Appeal No. 86–853.**

United States Court of Appeals, Federal Circuit.

Oct. 8, 1986.

Steven M. Angel, Hughes & Nelson, Oklahoma City, Okl., for petitioner.

Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, Robert A. Reutershan, Asst. Director and Karen S. Fishman, Commercial Litigation Branch, Dept. of Justice, of Washington, D.C., for respondent; Major Richard D. Hipple, Office of the Judge Advocate General, U.S. Air Force, of counsel.

Before MARKEY, Chief Judge, BENNETT, Senior Circuit Judge, and NEWMAN, Circuit Judge.

BENNETT, Senior Circuit Judge.

## DECISION

Petitioner Dominguez appeals the decision of the Merit Systems Protection Board (MSPB), which became final on November 13, 1985, and upheld petitioner's discharge on June 14, 1985, by the Department of the Air Force (agency) for the efficiency of the service. 27 M.S.P.R. 495. We affirm.

## BACKGROUND

Petitioner was a warehouse worker at Kelly Air Force Base. The undisputed essential facts are that on August 27, 1982, petitioner assaulted and brutally beat one of his supervisors at an off-duty location. The injuries received by the supervisor required hospital treatment and resulted in his absence from work for a time. Petitioner initiated the fight. He was much younger and heavier than his victim. The MSPB presiding official found a presumption of nexus between the offense and the efficiency of the service, arising from the nature and gravity of the misconduct and its effect on other commissary employees who saw the results of the beating. The presiding official also determined that the penalty of removal, effective October 29, 1982, was within the tolerable limits of reasonableness for the offense and refused to mitigate it. This initial decision on August 2, 1983, became the final decision of the board on September 6, 1983.

When the MSPB sustained the agency action, on review in 1983, petitioner appealed to this court. In an unpublished opinion we held that the charge against Dominguez was supported by substantial evidence, that a nexus existed between his misconduct and the efficiency of the service, and that the penalty of removal was reasonable under the circumstances. However, the court reversed the MSPB's decision and directed that petitioner be reinstated with back pay because impermissible *ex parte* "command influence" was exerted upon the agency's decisionmaker by one in an adversary position to petitioner, and this constituted harmful error in violation of pertinent regulations and the requirements of due process. *Dominguez v. Department of the Air Force*, 746 F.2d 1489 (Fed.Cir. 1984). In a subsequent unpublished opinion on October 29, 1984, we denied this petitoner's request for attorney fees, holding that he was not substantially innocent of the charges, that the agency had no reason to believe that it would not prevail on the merits, that it had acted in good faith, and that payment of attorney fees for opposing the appeal would not be in the interest of justice. We also observed that we did not bar a renewal of effort by respondent to discharge this employee by legal procedures.

In accordance with the initial judgment, the Air Force reinstated petitioner with back pay but served him with a new notice of removal for the same offense. A new proposing official made this recommendation for removal and a different deciding official determined that removal should take place. That decision was appealed to the MSPB. The presiding official's decision dated October 9, 1985, affirmed the agency action holding that the charge was supported by a preponderance of the evidence, that removal promoted the efficiency of the service, that no harmful error was committed during the new removal proceedings, and that, as there was no basis for mitigation, removal was an appropriate and reasonable punishment. On November 13, 1985, this initial decision became the final decision of the board by

operation of law. The present appeal followed in due course.

## OPINION

The court is presented with three main issues: whether the MSPB correctly decided that a collective bargaining agreement provision did not prohibit the agency from removing petitioner after the court had reversed an earlier removal action on procedural grounds; whether the MSPB properly sustained the agency's determination that removal promoted the efficiency of the service; and whether the MSPB affirmance of the penalty of removal amounted to an abuse of discretion. We address these issues in the stated sequence.

■ Petitioner's first contention is an affirmative defense that the Air Force violated section 5.11 of the collective bargaining agreement between his union and the agency by reinstituting the removal action after we had reversed his first removal and that this violation was harmful procedural error. The disputed provision reads in its entirety:

> When, after an adverse action hearing has been conducted under appropriate regulations, the Employer is directed by appropriate authority to impose a lesser action where such disciplinary action is covered under this Article [which deals with discipline], such decision will be final and not subject to further review under the Grievance Procedure.

Petitioner would have us rely on the evidence of Mr. Holloway who participated in the negotiation which produced the collective bargaining agreement and who testified that the parties were of the view that the term "lesser action" included not only mitigation of a penalty but also a reversal. Interpretation of a contract provision is, of course, a matter of law. *Fliegel v. United States*, 225 Ct.Cl. 679, 650 F.2d 290 (1980); *Truong Xuan Truc v. United States*, 212 Ct.Cl. 51 (1976). We are not bound by the view expressed by this witness, even assuming it to be true and admissible evidence. Where the language of the contract is clear, it requires no such evidence to interpret it. We think it is clear and that the evidence is inapplicable to interpretation here. The contract provision prohibits review only under the *grievance* procedure and the MSPB ruled that it was designed to prohibit the union from continuing to grieve a mitigated penalty. The MSPB opinion in this case stated further: "Adverse actions ... are initiated pursuant to the provisions of 5 U.S.C. §§ 7511–7513 and not through grievance procedure review." The board went on to conclude that petitioner had failed to show that the procedures used to remove him in 1985 were inconsistent with the agreement, with past practice, with the intent of the parties, or that they constituted harmful procedural error.

We note further that section 5.11 of the agreement is applicable only if an agency-imposed penalty is reduced to some lesser disciplinary penalty. That is not what happened here. No lesser action was imposed by the agency, the board, or the court. What the court did was to void the first proceeding on procedural grounds, and it stated explicitly in its opinion on the attorney fee claim that "[t]he court did not bar a renewal of effort by respondent to discharge the employee by legal procedures." Although our rule generally prohibits citation of unpublished opinions it makes exception for collateral estoppel, res judicata or, as here, law of the case. Fed.Cir.Rule 18. Of course, the only objection the petitioner made to his retrial was that it was barred by his union contract; not that it could not otherwise be done. Neither the agency nor the petitioner argued that he could not be removed for the same offense, following correct procedures. We reject petitioner's defense.

■ An agency is required to demonstrate that removal of an employee for disciplinary reasons is for the efficiency of the service. 5 U.S.C. § 7513(a) (1986). A nexus between the conduct and the efficiency of the service may be established by a preponderance of specific evidence or by a rebuttable presumption where the conduct is so egregious that it "speaks for

itself." *Sanders v. United States Postal Service*, 801 F.2d 1328 (Fed.Cir.1986); *Allred v. Department of Health and Human Services*, 786 F.2d 1128 (Fed.Cir. 1986); *Graybill v. United States Postal Service*, 782 F.2d 1567 (Fed.Cir.1986); *Hayes v. Department of the Navy*, 727 F.2d 1535 (Fed.Cir.1984).

■ Petitioner's brief states: "Mr. Dominguez does not seek to attack the findings of fact or the credibility resolutions made as to the merits of the case." In our 1984 opinion in this case we held:

"The finding of the MSPB that petitioner's conduct adversely affected the efficiency of the service is reasonable. Even if we assume that the MSPB could not presume nexus from the nature of the wrongful conduct here, we must conclude that petitioner has not overcome the obvious and correct conclusion that the efficiency of the service was impaired by his conduct and that adverse administrative action was proper under the circumstances."

We adhere to that position which is supported by substantial evidence.

On this appeal petitioner contends that the agency official who ordered the removal, later affirmed by the MSPB, applied an irrebuttable presumption when there was no evidence presented that the incident forming the basis of the disciplinary action had any demonstrable effect on the efficiency of the service. Petitioner points to the beating as an isolated incident in his behavior, to his good work record since the incident, the absence of any further disciplinary problems on his part, and the testimony of the injured supervisor who now says that he holds no animosity toward Dominguez.

■ We do not think that an irrebuttable presumption of a nexus to the efficiency of the service was invoked at any time. The MSPB opinion does not speak of an irrebuttable presumption at all. We do think that petitioner has failed to rebut either the presumption arising from egregious misconduct which spoke for itself or the alternative grounds invoked by the MSPB when

it found that "the agency has proved by preponderant evidence that a nexus exists between the off-duty misconduct and the efficiency of the service." The board opinion cited the testimony of the agency's regional director that violent assaults on a supervisor may impair his ability to perform his duties and that, if such misconduct is tolerated, discipline within the organization will be weakened and become a "mockery" in the eyes of employees.

We are persuaded by respondent's argument that a brutal attack on one's supervisor has a chilling effect upon relationships between supervisors and employees which can only adversely impact on the agency's ability to fulfill its assigned mission with proper efficiency. Fear of physical reprisal would become the order of the day if an employee could merely wait until after work to assault a supervisor with impunity. This conduct on or off duty cannot be permitted and has not been by our precedents. *Morris v. United States*, 224 Ct.Cl. 648, 650 F.2d 287 (1980); *Christie v. United States*, 207 Ct.Cl. 333, 518 F.2d 584, 589 (1975); *Ruffin v. United States*, 144 Ct.Cl. 689 (1959). There can be no "open season" on supervisors.

■ Dominguez' final argument is that his discharge was an abuse of discretion, although conceding that it was authorized for the offense committed. It is urged, however, that the penalty was too severe considering petitioner's long work record without discipline, that the fight was an isolated incident in his conduct, that it had no demonstrable effect on working relationships, and that there had been no further such incident in which he was involved. All of these matters were considered when advanced to the agency and the MSPB on the issue concerning petitioner's conduct on efficiency of the service and were also rejected as a basis of penalty mitigation, considering the brutal nature of the conduct, its notoriety among the agency's employees, and the lack of any evidence of remorse by the assailant. Further, as this court observed in *Allred v.*

*Department of Health and Human Services*, 786 F.2d at 1132, "[e]mployees can be expected to exhibit their best behavior in the face of a strong possibility that the agency will soon be acting to remove them."

█ We have held consistently that the court cannot and will not disturb a penalty unless it is unauthorized or exceeds the bounds of reasonableness because it is so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion, or where the record is devoid of any basis demonstrating reasonableness. *Gonzales v. Defense Logistics Agency*, 772 F.2d 887 (Fed.Cir.1985). Whether the court would have selected a different penalty had it made the initial determination is irrelevant. *Schapansky v. Department of Transportation, Federal Aviation Administration*, 735 F.2d 477, 484 (Fed.Cir.), *cert. denied*, 469 U.S. 1018, 105 S.Ct. 432, 83 L.Ed.2d 358 (1984); *Hayes v. Department of the Navy*, 727 F.2d 1535 (Fed.Cir. 1984). We have no lawful grounds upon which to disturb the penalty in this case. 5 U.S.C. § 7703(c) (1982).

AFFIRMED.