824 F.2d 977
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Tomas MARTINEZ and Joel Gomez, Petitioners,
v.
UNITED STATES DEPARTMENT OF JUSTICE, Respondent.
 Appeal No. 87-3001.
 United States Court of Appeals, Federal Circuit.
 April 23, 1987.
 
 Before SMITH, Circuit Judge, BENNETT, Senior Circuit Judge, and NEWMAN, Circuit Judge.
 PER CURIAM:
 
 DECISION
 
 1
 Petitioners Tomas Martinez and Joel Gomez appeal the final decision of the Merit Systems Protection Board (MSPB or board), Docket Nos. DA07528610296, DA07528610297, sustaining their removal by the Department of Justice (Justice or the agency) from positions as border patrol agents with the Immigration and Naturalization Service, on charges of conduct unbecoming a service officer and falsification of material facts during an official investigation. The petitioners' appeals were consolidated because they contained similar issues of law and fact. The initial decision of the administrative judge on July 9, 1986, became the final decision of the board on August 13, 1986, when not reviewed. We affirm.
 
 OPINION
 
 2
 Mr. Martinez was charged with altering a comic strip panel, which was then posted in the Border Patrol Office, in a manner which was deemed derogatory to the service. The allegations covered both altering the caption within the comic strip and writing the phrase "Winner of Year Award" above the strip on the page upon which the comic was printed. The agency was unable to prove that the alteration of the caption was done by Mr. Martinez, but proved by a preponderance of the evidence, primarily through the testimony of a handwriting expert, that the written phrase above the cartoon was written by Mr. Martinez. When questioned under oath during an official investigation into the matter, Martinez denied having anything to do with the alteration or writing on the comic, although he admits that the handwriting "Winner of Year Award" looked like his. Since the administrative judge determined that the writing was that of Mr. Martinez, she concluded that petitioner had lied under oath and sustained his removal on that basis.
 
 
 3
 On appeal, petitioners do not stress that the finding (that the handwriting above the comic strip was that of Mr. Martinez) is wrong. Rather, it is contended that the document shown to him during the official investigation contained only the altered comic strip and not the handwritten phrase above the strip attributed to him. Based on that contention, he argues that his investigation testimony (that he had nothing to do with the alteration of the document being shown to him) is not necessarily false since the agency did not prove that he altered the comic strip itself. He contends that the administrative judge never made a finding on whether the document shown to him during the official investigation contained both the altered comic strip and the written phrase, and that the absence of such a finding requires a remand for further fact-finding before it can be determined whether his statement under oath was indeed false or misleading.
 
 
 4
 Petitioner argues that the testimony of several agency employees supports the conclusion that the written phrase was not on the document that he was shown during the investigation. However, it does not appear that any of those employees were present at the questioning of Mr. Martinez, and the record includes the testimony of Mr. Williams, an investigator who was present at the questioning of Mr. Martinez, who testified that the phrase "Winner of Year Award" was on the document at the time of the questioning. Also, since it was found that the writing was that of Mr. Martinez, petitioner's argument that the disputed phrase was not on the document when Martinez was questioned would necessarily imply that Mr. Martinez wrote the phrase on the document after it was shown to him and while it was in the custody of the investigators, which is both difficult to believe and unsupported in the record.
 
 
 5
 Furthermore, credibility determinations made by the trier of the facts are entitled to deference and are virtually unreviewable. Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). Petitioner has successfully illustrated that his alleged answering of a question with a question during the hearing, one of the justifications relied on by the administrative judge for finding Mr. Martinez's testimony not credible, did not occur. However, we cannot conclude that the administrative judge's credibility evaluation was rendered inadequate as a matter of law on that basis alone since she also based her determination on Mr. Martinez's demeanor and manner of answering. The "substantial evidence" standard of review only requires that the board's conclusions be "supported by 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' ... [T]he standard is not what the court would believe on a de novo appraisal, but whether the administrative determination is supported by substantial evidence on the record as a whole." Brewer v. United States Postal Service, 647 F.2d 1093, 1096 (Ct.Cl.1981), cert. denied, 454 U.S. 1144 (1982) (citations omitted). While this court might have reached a different conclusion on the facts presented, we cannot conclude that there was not substantial evidence to support the board's conclusion that Mr. Martinez lied under oath during the agency investigation.
 
 Penalty
 
 6
 At the argument on appeal, petitioners' able counsel stated that in the case of Mr. Gomez only the reasonableness of the penalty of removal remained at issue. The reasonableness of the penalty is at issue also as to Mr. Martinez. This court has frequently stated:
 
 
 7
 We have held consistently that the court cannot and will not disturb a penalty unless it is unauthorized or exceeds the bounds of reasonableness because it is so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion, or where the record is devoid of any basis demonstrating reasonableness.... Whether the court would have selected a different penalty had it made the initial determination is irrelevant.
 
 
 8
 Dominguez v. Department of the Air Force, 803 F.2d 680, 684 (Fed.Cir.1986).
 
 
 9
 The court has also said that, while under the statute (5 U.S.C. Sec. 7513(a)) an adverse action must be for the efficiency of the service, the agencies are vested with discretionary authority and responsibility to determine what is necessary for their efficiency in discharging the missions assigned to them by Congress. No appellate court has the institutional capacity to do this and a presumption of good faith attends agency actions. Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).
 
 
 10
 The administrative judge found that there was no disparate treatment here, that the punishment was authorized for the offenses committed, that petitioners lied under oath, that their conduct directly impaired the agency's ability to rely upon their trustworthiness in the future because of loss of credibility, that law enforcement officers must conform to a higher standard of conduct than nonlaw enforcement officers, that petitioners had shown no remorse, and that their removal would promote the efficiency of the service.
 
 
 11
 Mr. Gomez had a prior disciplinary record but Mr. Martinez did not. These individuals each had considerable prior service. It is clear from the record before the court that the falsification found was considered as sufficient alone to justify removal and that there were insufficient grounds to mitigate the penalty imposed on each employee.
 
 
 12
 Petitioners violated published standards of employee conduct designed to maintain respect for the government and good will among its employees. The penalties imposed are severe but have a rational basis. Considering the record as a whole, we find no lawful basis for reversal or remand under our limited scope of review of the administrative actions. 5 U.S.C. Sec. 7703(c) (1982).