837 F.2d 1097
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James M. METCALFE, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 87-3429.
 United States Court of Appeals, Federal Circuit.
 Dec. 22, 1987.
 
 Before RICH and DAVIS, Circuit Judges, and BENNETT, Senior Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Petitioner, James M. Metcalfe, appeals the final decision of the Merit Systems Protection Board (MSPB), Docket No. PH07528610629, which upheld his removal by the Army from his position as a Lead Industrial Engineering Technician, effective July 21, 1986. We affirm.
 
 OPINION
 
 2
 Mr. Metcalfe was employed at the Letterkenny Army Depot, Chambersburg, Pennsylvania. He was dismissed for insubordination for having refused direct orders to take a required 4-week training course and for participation in a prohibited job action. The latter charge was not upheld by the MSPB; however, Mr. Metcalfe stipulated to the MSPB that he was insubordinate. The administrative judge found that his continued and unwavering refusal to obey an agency order over a 3-month period exhibited no potential for rehabilitation and adversely affected morale and the efficiency of the agency. The administrative judge further concluded that the penalty of removal, under the circumstances of the case, was not unreasonable. See Douglas v. Veterans Administration, 5 M.S.P.R. 280 (1981).
 
 
 3
 In this appeal, Mr. Metcalfe argues that the penalty of removal was excessive considering his prior satisfactory service, his potential for rehabilitation, and lesser penalties allegedly imposed on others for similar conduct. We have examined these contentions as did the MSPB and find them to be without merit. The MSPB exhaustively considered the various mitigating factors advanced by the petitioner in light of Douglas. The penalty of removal was authorized by the agency's table of penalties for a first offense of insubordination. Furthermore, as this court observed in Schanpansky v. Department of Transportation, FAA, 735 F.2d 477, 485 (Fed.Cir.) (citations omitted), cert. denied, 469 U.S. 1018 (1984), "[u]neveness in application of a penalty is not a ground for invalidating it." Evidence adduced at the hearing did not support the allegation of disparate treatment and we find no abuse of discretion of removal as the appropriate penalty. Dominguez v. Department of the Air Force, 803 F.2d 680, 684 (Fed.Cir.1986).
 
 
 4
 Our review of the record in this case leaves the court with the clear conclusion that the decision of the MSPB was supported by substantial evidence, was correct in all procedural matters, and was not arbitrary, capricious, an abuse of discretion or otherwise contrary to law. Under our statutory scope of review we need to look no further. 5 U.S.C. Sec. 7703(c) (1982). The discharge of this employee for his intransigent attitude and conduct was clearly for the efficiency of the service. 5 U.S.C. Sec. 7513(a) (1982). The decision of the MSPB is AFFIRMED.