878 F.2d 1446
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Randall E. FOWLER, Petitioner,
v.
DEFENSE LOGISTICS AGENCY, Respondent.
 Nos. 89-3016, 89-3187.
 United States Court of Appeals, Federal Circuit.
 June 14, 1989.
 
 Before MARKEY, Chief Judge, and MAYER and MICHEL, Circuit Judges.
 MARKEY, Chief Judge.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board), 38 M.S.P.R. 174 (1988), reversing the initial decision and sustaining the Defense Logistics Agency's removal of Randall E. Fowler (Fowler), is affirmed. Fowler's petition for review of the Clerk of the board's letter, informing him that the board has no procedure for entertaining his motion for reconsideration, is dismissed.
 
 OPINION
 
 2
 Fowler's allegation that he "was denied due process by ex-parte communications with the deciding official" is without merit. Only one of the alleged "incidents" involves the deciding official in any way, and the "incident" involving the deciding official is not an improper ex-parte communication, Mr. Hendrix merely having told Captain Gahm he had been assaulted by an employee and "was initiating administrative processing, including an investigation." Compare Sullivan v. Department of the Navy, 720 F.2d 1266, 1270-73 with cases discussed therein.
 
 
 3
 The board did not abuse its discretion in reversing the initial decision and sustaining Fowler's removal. The board carefully considered the here relevant Douglas factors, and we cannot say that removal is totally unwarranted in the circumstances of this case. See Dominguez v. Department of the Air Force, 803 F.2d 680, 684 (Fed.Cir.1986). We agree with the board that "to the extent that the initial decision can be read to imply that the deciding official ... did not consider and reject a lesser penalty, the initial decision is in error." The record establishes that the deciding official considered lesser penalties but rejected them as inappropriate.
 
 
 4
 We have considered Fowler's remaining arguments, but find them unpersuasive of any reversible error. See 5 U.S.C. Sec. 7703(c) (1982); Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).
 
 
 5
 We dismiss Fowler's petition for review of the Clerk of the board's letter. That letter is not "a final order or decision of the ... [b]oard" and therefore may not be appealed to this court. 5 U.S.C. Sec. 7703(a)(1).