NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3228

VALDEMAR C. JARAMILLO, JR.,

Petitioner,

v.

DEPARTMENT OF THE AIR FORCE,

Respondent.

Valdemar C. Jaramillo, Jr., of San Antonio, Texas, pro se.

David A. Harrington, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC. With him on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Bryant G. Snee, Deputy Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3228

VALDEMAR C. JARAMILLO, JR.,

Petitioner,

v.

DEPARTMENT OF THE AIR FORCE,

Respondent.

Petition for Review of the Merit Systems Protection Board in
DA-0752-05-0280-I-1.

_____

DECIDED: November 6, 2008

_____

Before MICHEL, <u>Chief Judge</u>, LINN, <u>Circuit Judge</u>, and WARE, <u>District Judge</u>.[*]

PER CURIAM.

Petitioner Valdemar C. Jaramillo, Jr., appeals from a final decision of the Merit Systems Protection Board ("Board"), affirming his removal from employment as a training technician for the Department of the Air Force ("the Air Force"). <u>Jaramillo v. Dep't of the Air Force</u>, No. DA-0752-05-0280-B-1 (Oct. 24, 2007). Because Mr. Jaramillo has not shown reversible error on the part of the Board, we <u>affirm</u>.

---

[*]    Honorable James Ware, District Judge, United States District Court for the Northern District of California, sitting by designation.

BACKGROUND

A.    *Mr. Jaramillo's Employment with the Air Force*

Since July 15, 2002, Mr. Jaramillo was employed at the Air Force's Defense Language Institute ("DLI") at Lackland Air Force Base, Texas.  In January 2005, he was a training technician at DLI, where international students are taught English.  According to Lieutenant Colonel (Retired) Susan Moreland, former Dean of Academics, DLI is a "gateway to America" and is often visited by foreign ambassadors and dignitaries.

During the afternoon of January 19, 2005, Mr. Jaramillo, off-duty, was driving his pick-up truck when he became involved in an altercation which ultimately lead to his arrest and removal from his position at DLI.  Mr. Jaramillo was stopped at a traffic light when something hit him on the left side of his face.  Looking out his window, he saw several high school students from John Jay High School in a school bus laughing at him.  Presumably, a student on the bus had thrown a pen cap at Mr. Jaramillo, striking him on the face.  Understandably upset and while still in his truck, Mr. Jaramillo engaged in a verbal exchange with the students, in which he allegedly cursed at the students and the students replied in kind.  He attempted to get the attention of the driver but was not satisfied.

Mr. Jaramillo followed and caught up to the bus when it stopped to let off some students.  At that point, Mr. Jaramillo exited his vehicle and entered the school bus.

Upon entering the school bus, he began asking for the student who threw the pen cap at him.  The bus driver informed Mr. Jaramillo that he was not allowed on the bus.  At about the same time, one student confronted Mr. Jaramillo, both acknowledging

that he threw the object and challenging Mr. Jaramillo. After some back-and-forth between Mr. Jaramillo and the students, Mr. Jaramillo exited the bus, saying that he had "something" for them in his truck. Mr. Jaramillo returned to his truck and retrieved and displayed a BB-gun that apparently resembled a shotgun.

According to Mr. Jaramillo, he never used the gun to threaten the students but simply placed the BB-gun on the floor in his truck for safety reasons. The students asserted that he pumped the gun, as one would do with a pump-action shotgun or rifle. Mr. Jaramillo then drove away in his truck.

The police were called to the scene, where the bus remained. The police eventually took statements from the bus driver and several students. Mr. Jaramillo, meanwhile, had gone to his girlfriend's house. After talking with his girlfriend, he called the police to report the incident. After some further investigation, a warrant was issued, and the police arrested Mr. Jaramillo on January 24, 2005, for aggravated assault with a deadly weapon. He later entered a nolo contendere plea and was placed on probation for two years.

On February 3, the Air Force proposed to remove Mr. Jaramillo from his position at DLI for egregious off-duty misconduct. The removal action was based on the above-recounted incident with the high school students. On February 25, 2005, the Air Force sustained the charge against Mr. Jaramillo and removed him from his position.

*B.    Mr. Jaramillo's Appeal to the Board*

Mr. Jaramillo appealed to the Board. After several delays, Administrative Judge Robert A. Ringler, presiding over the case for the Board, heard testimony from several witnesses, including Mr. Jaramillo and the police officer who investigated the incident.

2008-3228                                3

AJ Ringler found, by a preponderance of the evidence, that Mr. Jaramillo had committed felony assault with a deadly weapon. AJ Ringler discounted certain aspects of Mr. Jaramillo's testimony due to his lack of credibility.

AJ Ringler then considered whether Mr. Jarmillo's removal was reasonable, pursuant to Douglas v. Veterans Administration, 5 M.S.P.R. 280, 302 (1981). AJ Ringler listened to testimony from Lieutenant Colonel (Retired) Susan Moreland, the official who decided Mr. Jaramillo's removal. AJ Ringler also weighed mitigating evidence from Mr. Jaramillo, which included his strong past work performance and testimony from colleagues. In his Initial Decision of October 24, 2007, AJ Ringler concluded that removal was reasonable, in light of all the circumstances, including Mr. Jaramillo's lack of remorse and his poor potential for rehabilitation.

Mr. Jaramillo filed a petition for review by the full Board. The petition was denied on March 6, 2008. Mr. Jaramillo appealed to our Court. We have jurisdiction over the Board's decision under 28 U.S.C. § 1295(a)(9).

DISCUSSION

*A. Applicable Legal Standards*

Our authority is limited by statute. See 5 U.S.C. § 7703(c). "We must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence." Campion v. Merit Sys. Prot. Bd., 326 F.3d 1210, 1212 (Fed. Cir. 2003). Therefore, we cannot freely review the factual findings of the Board but only determine "whether the administrative determination is supported by substantial evidence in the record as a

whole." <u>Kimm v. Dep't of the Treasury</u>, 61 F.3d 888, 891 (Fed. Cir. 1995). Additionally, we give special deference to the credibility determinations made by the presiding administrative judge. <u>See</u> <u>Wright v. U.S. Postal Serv</u>., 183 F.3d 1328, 1334 (Fed. Cir. 1999).

We review the reasonableness of the penalty imposed by the Air Force for an abuse of discretion. <u>Dominguez v. Dep't of the Air Force</u>, 803 F.2d 680, 684 (Fed. Cir. 1986). We do not "disturb a penalty unless it is unauthorized or exceeds the bounds of reasonableness because it is so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion." <u>Id.</u>

*B.    Mr. Jaramillo's Contentions on Appeal*

In his informal brief, Mr. Jaramillo contends that the Board erred in numerous ways. For example, he asserts that "no evidence to support [the] charges [against him] was found or produced." He also argues that false evidence was considered.

We cannot agree. AJ Ringler heard evidence from the investigating officer of the incident. The officer's testimony was based on the statements from the bus driver and several students. The statements of those witnesses are remarkably consistent, each describing a situation in which a perturbed Mr. Jaramillo entered the school bus without authorization, confronted students about the offending missile, and claimed that he had "something" for the students in his truck. Two students recounted seeing the gun, which they thought, at the time, was a rifle or shotgun. The investigating police officer testified that the BB-gun closely resembled a shotgun. The officer opined that Mr. Jaramillo had committed aggravated assault. Thus, we conclude that substantial evidence supports the Board's finding that Mr. Jaramillo committed egregious off-duty conduct.

Mr. Jaramillo also appears to challenge the credibility determination made by AJ Ringler. Given the conflicting testimony of the officer and Mr. Jaramillo, AJ Ringler had to make a credibility determination. We give special deference to the AJ's analysis of credibility. See Hambsch v. Dep't of the Treasury, 796 F.2d 430, 436 (Fed. Cir. 1986) (characterizing credibility determinations as "virtually unreviewable"). "[This] simply recognizes the reality that the conduct of a witness while testifying may fairly detract from the written word." Jackson v. Veterans Admin., 768 F.2d 1325, 1331 (Fed. Cir. 1985). AJ Ringler was in a much better position than we are today to assess who was more believable. AJ Ringler properly considered the relevant evidence in assessing the credibility of each witness. While individual pieces of evidence relating to credibility might be viewed differently, our limited role is not to reweigh the facts but to assess whether the Board's credibility determination as a whole is supported by substantial evidence. And we conclude that it is.

Mr. Jaramillo also disputes the reasonableness of the penalty. First, however, Mr. Jaramillo does not dispute that removal is an authorized penalty. Second, the Board considered the relevant Douglas factors, including the mitigating evidence submitted by Mr. Jaramillo. Although the incident occurred when Mr. Jaramillo was off-duty and did not directly involve any other personnel of DLI, the Board sufficiently supported its finding that Mr. Jaramillo's removal would promote the efficiency of the service. Lt. Col. (Ret.) Moreland testified that Mr. Jaramillo failed to show any remorse shortly after the incident. Furthermore, the Board found that, given the politically-sensitive image of DLI and the importance of good will in DLI's international community, removal was at least a reasonable penalty, if not the most or only reasonable one. In

the end, we agree with the Board that removal was not an unreasonable penalty for the proven conduct. See Hayes v. Dep't of the Navy, 727 F.2d 1535, 1539-40 (Fed. Cir. 1983) (affirming removal as an appropriate penalty in instance of an off-duty assault and battery of a child).

## CONCLUSION

For the foregoing reasons, we affirm the decision of the Board.

## COSTS

Each party shall bear its own costs.