NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3339

JEROME L. RISER,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

Jerome L. Riser, of Cross Roads, Texas, pro se.

Michael N. O'Connell, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3339

JEROME L. RISER,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

Petition for review of the Merit Systems Protection Board in DA0752080285-I-1.

_____

DECIDED:  February 6, 2009

_____

Before RADER, BRYSON, and MOORE, Circuit Judges.

PER CURIAM.

Jerome Riser appeals the final decision of the Merit Systems Protection Board (Board) affirming his removal from the Internal Revenue Service (IRS).  See Riser v. Dep't of the Treasury, No. DA0752080285-I-1 (M.S.P.B. July 11, 2007).  Because the Board's ruling sustaining the charges against Mr. Riser and concluding that his removal was reasonable is supported by substantial evidence, we affirm.

BACKGROUND

Mr. Riser was a contract representative employed by the IRS Wage and Investment Division in Dallas, Texas.  In 2007, the IRS proposed to remove him based on charges that he (1) failed to timely pay his personal federal income taxes; (2) lacked

candor; (3) failed to follow proper procedures to request leave; (4) failed to follow an IRS information technology policy; and (5) failed to follow a management directive. Id. at 2. Mr. Riser attended an oral reply hearing, where he informed the oral reply officer that he would represent himself. He also requested to have a union representative join him, not to represent him, but rather "to sit and direct" him during the reply. Id. at 20-21. The oral reply officer contacted the union representative, but the union representative was in another meeting and could not attend. The hearing proceeded without the union representative. Following the oral reply, the IRS affirmed the proposed removal. Mr. Riser appealed to the Board.

In a detailed initial decision, the Board's chief administrative law judge (CALJ) sustained all five charges, finding that each was supported by preponderant evidence. Id. at 25. In the process, the CALJ found that four of the six specifications of the third charge were not supported by preponderant evidence. Id. at 14. Nonetheless, the AJ sustained the third charge because she found that the two remaining specifications were sufficient. Id. Similarly, the CALJ sustained the fourth charge despite finding that two of the six specifications of the charge were not supported by preponderant evidence. Id. at 18. The CALJ further found that in light of the relevant mitigating factors, see Douglas v. Veterans Admin., 5 M.S.P.R. 280, 303 (1981), the cumulative impact of the five charges was such that the removal was within the tolerable bounds of reasonableness and promoted the efficiency of the service, Riser, No. DA0752080285-I-1 at 24-25.

Mr. Riser did not file a petition for review, so the initial decision became final on August 15, 2008. Mr. Riser now timely appeals.

DISCUSSION

"We must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence." Campion v. Merit Sys. Prot. Bd., 326 F.3d 1210, 1212 (Fed. Cir. 2003); see 5 U.S.C. § 7703(c). Therefore, we cannot freely review the factual findings of the Board, but only determine "whether the administrative determination is supported by substantial evidence in the record as a whole." Kimm v. Dep't of the Treasury, 61 F.3d 888, 891 (Fed. Cir. 1995). Additionally, we give special deference to the credibility determinations made by the finder of fact. See Wright v. U.S. Postal Serv., 183 F.3d 1328, 1334 (Fed. Cir. 1999). We review the reasonableness of the penalty imposed by the IRS for an abuse of discretion. Dominguez v. Dep't of the Air Force, 803 F.2d 680, 684 (Fed. Cir. 1986). We do not "disturb a penalty unless it is unauthorized or exceeds the bounds of reasonableness because it is so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion." Id.

On appeal, Mr. Riser makes three groups of arguments. First, Mr. Riser asserts that the Board failed to consider his lack of union representation. The Board addressed this issue and concluded that although Mr. Riser had a right to representation, see 5 U.S.C. § 7513(b)(3) ("An employee against whom an action is proposed is entitled to . . . be represented by an attorney or other representative."), he did not ask for representation, and he did not have a right to the presence of a union representative not actually representing him, Riser, No. DA0752080285-I-1 at 21. Further, the CALJ concluded that there was no harmful error. Indeed, Mr. Riser stated at the end of the

hearing that "[i]t would have been better" had a union representative been present, "[b]ut irrespective of that, I think it was a fair presentation." Id. Mr. Riser did not argue before the Board, and does not argue now, that he desired representation. We cannot conclude that the IRS violated § 7513(b)(3) during the oral reply.

Second, Mr. Riser asserts, without explanation, that the Board failed to allow or consider certain subpoenas, interrogatories, witnesses, police reports, and administrative issues. Of these various alleged omissions, the record reflects only Mr. Riser's motion for subpoenas of 54 individuals whom he believed had some direct or indirect connection with this matter. The CALJ denied the motion because Mr. Riser's motion did not explain how these individuals were relevant. Mr. Riser does not explain on appeal why the subpoenas were necessary, or what harm came about from the CALJ's denial of the motion. Therefore, we cannot conclude that the denial was an abuse of discretion.

Finally, Mr. Riser argues that the Board failed to consider all the evidence and ultimately reached the incorrect conclusion. The Board considered a great deal of testimony and other evidence, and carefully reached conclusions on each specification of each charge—indeed discarding specifications that were not supported by preponderant evidence. Mr. Riser does not indicate what particular evidence was not considered. We therefore conclude that the Board's affirmance of the five charges was supported by substantial evidence. As to the severity of the penalty, the Board held that the Douglas factors weigh against the penalty of removal for any one of the five charges. Nonetheless, the Board specifically found that the cumulative impact of the five charges made removal reasonable. Mr. Riser argues that the Board failed to

consider all the mitigating factors, but does not state what factors were not considered, nor can we discern any factors that were not considered. We therefore agree with the Board that the penalty was not unreasonable for the proven conduct. Accordingly, the decision of the Board is affirmed.

## COSTS

No costs.