BRYSON, Circuit Judge,
dissenting.
In my view, the Board’s finding of a nexus between the charged conduct and the efficiency of the service is not supported by substantial evidence. That should end the case. The majority, however, remands for further proceedings, in particular for the Board to examine (1) whether the FBI’s decision to remove Mr. Doe was affected by its belief that his conduct was criminal, and (2) whether the FBI removed Mr. Doe either because his off-duty conduct impacted the agency’s ability to perform its responsibilities or because the conduct constituted a violation of an internal regulation.
The Board is required to decide whether there is a nexus between the charged misconduct and the efficiency of the service. The Board makes that determination de novo. We review that determination, not the decision of the employing agency. It is therefore irrelevant what motivated the agency to conclude that there was a nexus between Mr. Doe’s conduct and the efficiency of the service. For that reason, the court’s remand is both unnecessary and at odds with the proper roles of the employing agency, the Board, and this court in the review of agency disciplinary actions.
The court’s error may stem from conflating the nexus and penalty issues. This court has held that when the basis for the agency’s penalty is undermined, such as by *1384 the reversal of the most serious charges against the employee, the Board must consider whether there is evidence that the agency would have selected a lesser penalty if it had known that those more serious charges could not be considered in the penalty determination. See Lachance v. Devall, 178 F.3d 1246 (Fed.Cir.1999). The reason for that rule is that the Board reviews the penalty selected by the agency under an abuse of discretion standard. See Beard v. Gen. Servs. Admin., 801 F.2d 1318, 1322 (Fed.Cir.1986). The nexus inquiry, however, is different.
Under chapter 75 of title 5, an agency may take certain disciplinary actions against an employee, such as removal or a suspension for more than 14 days, only “for such cause as will promote the efficiency of the service.” 5 U.S.C. §§ 7513(a), 7512. When an agency takes an action covered by section 7512, the employee may appeal to the Merit Systems Protection Board. Id. § 7513(d). The action before the Board is not a typical form of review of agency action, such as the “substantial evidence” review of agency action under section 10(e) of the Administrative Procedure Act, 5 U.S.C. § 706. Rather, the action before the Board is a de novo proceeding in which the employee is entitled to a full adversary hearing on the record. 5 U.S.C. § 7701(a); Licausi v. Office of Pers. Mgmt., 350 F.3d 1359, 1364 n. 2 (Fed.Cir.2003) (“On an appeal from such an adverse agency action, the Board reviews de novo whether the agency’s decision was justified.”); Brook v. Corrado, 999 F.2d 523, 528 (Fed.Cir.1993) (same); Jackson v. Veterans Admin., 768 F.2d 1325, 1329 (Fed.Cir.1985) (same); Fucik v. United States, 228 Ct.Cl. 379, 655 F.2d 1089, 1097 (1981) (“It is the board’s obligation to consider the cases before it de novo without regard to any decision by the agencies that have gone before it.”).
The pertinent statute and regulation provide that in such a Board proceeding the employing agency bears the burden of proof by a preponderance of the evidence. 5 U.S.C. § 7701(c)(1)(B); 5 C.F.R. § 1201.56(a)(1)(ii). The employing agency must demonstrate to the satisfaction of the Board both that the charged conduct was committed and that there is a nexus between the charged conduct and the efficiency of the service. “By seeking ‘review,’ an employee puts the agency in the position of a plaintiff bearing the burden of first coming forward with evidence to establish the fact of misconduct, the burden of proof, and the ultimate burden of persuasion, with respect to the basis for the charge or charges.” Jackson, 768 F.2d at 1329.
This court has made clear that the employing agency must prove not only the charged conduct but also the requisite nexus by a preponderance of the evidence. See Brown v. Dep’t of the Navy, 229 F.3d 1356, 1363 (Fed.Cir.2000) (“The task of the Board is to decide whether the agency met the burden of proving a nexus by a preponderance of the evidence.”); Corrado, 999 F.2d at 527 (“[T]he Government showed by a preponderance of the evidence the connection between Mr. Corrado’s misconduct and his removal to promote NASA’s efficiency.”); Brown v. Dep’t of Transp., 735 F.2d 543, 548 (Fed.Cir.1984) (“This ‘nexus’ limitation requires the agency to show by a preponderance of the evidence the necessary connection (i.e., promotion of the efficiency of the service) between the employee’s offending conduct (off-duty in this case) and the employee’s job-related responsibilities.”). A finding by the Board that the nexus element has been proved must be based on evidence presented to the Board; like the Board’s finding as to whether the misconduct has *1385 been proved, the Board’s finding on nexus is not based on whether sufficient evidence was available to, or considered by, the employing agency at the time of the adverse agency action.[1] In the event the Board finds that the agency has proved the charged misconduct and established a nexus between the misconduct and the efficiency of the service, this court reviews the Board’s findings under the substantial evidence standard. 5 U.S.C. § 7703.
The majority opinion recognizes these general principles, but in the course of selecting a remedy in this case, it abandons them. With respect to the nexus issue, the majority states that the employing agency’s decision was “influenced at least in part by the assumed criminality” of Mr. Doe’s conduct. The majority then concludes that the Board improperly sustained the agency’s decision because “it did not consider whether the FBI would have disciplined Doe absent assumed criminality.” Based on the evidence that the employing agency believed Mr. Doe’s conduct violated Ohio law, the majority remands the case to the Board to consider whether the agency rendered its decision based on a determination that Mr. Doe’s conduct impacted the agency’s ability to perform its responsibilities or that the conduct violated an internal regulation.
As the majority notes, the Board’s role with respect to nexus is to “assess whether the agency had the authority to impose discipline” for the employee’s behavior. That determination must be made de novo based on evidence before the Board. The question whether the employing agency may have been influenced in its judgment as to nexus by its belief that Mr. Doe’s conduct was criminal is irrelevant to the Board’s decision on the nexus issue; the Board’s task is not to review the agency’s analysis of the nexus issue, but to determine whether the agency has proved nexus based on the evidence presented to the Board. The Board found that the nexus requirement was satisfied in this case, even though it clearly understood that the conduct in question was not criminal. If the Board had been laboring under the misapprehension that Mr. Doe’s conduct was criminal, it would be reasonable to remand this case to the Board for a new determination as to nexus. But the Board was not mistaken on that issue, and thus there is no reason for a remand.
The majority states that it “leave[s] it to the Board in the first instance to determine whether the FBI would have authority to discipline Doe for his actions.” Yet the Board has already answered that question in the affirmative. I would hold that the Board’s ruling in that regard is in error and that the Board’s decision as to nexus should be reversed. Because the agency, in the proceedings before the Board, failed to prove a nexus between the charged misconduct and the “efficiency of the service,” there is no need to ascertain whether the agency’s deciding officials would have found such a nexus if they had *1386 known that the conduct in question was not criminal. I therefore respectfully dissent from the court’s decision to remand the case to the Board for further proceedings.

. In some instances, involving egregious misconduct, the proof of nexus is presumed, subject to rebuttal by the employee. See Dominguez v. Dep’t of the Air Force, 803 F.2d 680, 682 (Fed.Cir.1986) ("A nexus between the conduct and the efficiency of the service may be established by a preponderance of specific evidence or by a rebuttable presumption where the conduct is so egregious that it 'speaks for itself.’ ”); Graybill v. U.S. Postal Serv., 782 F.2d 1567 (Fed.Cir.1986). It is undisputed that this case does not involve egregious misconduct that would trigger the presumption of nexus; in this case, therefore, the agency bore the burden of proving nexus before the Board by a preponderance of the evidence.