NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3106

STEVEN M. KOCH,

Petitioner,

v.

DEPARTMENT OF THE NAVY,

Respondent.

Steven M. Koch, of Clearwater, Florida, pro se.

Richard P. Schroeder, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief was Jeanne E. Davidson, Director.

Appealed from: Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2009-3106

STEVEN M. KOCH,

Petitioner,

v.

DEPARTMENT OF THE NAVY,

Respondent.

Petitions for review of the Merit Systems Protection Board in DC-0752-08-0550-I-1.

_____

DECIDED:    June 4, 2009

_____

Before MAYER, GAJARSA, and DYK, Circuit Judges.

PER CURIAM.

Steven M. Koch seeks review of the final decision of the Merit Systems Protection Board affirming his removal from the Department of Navy.  See Koch v. Dep't of Navy, No. DC-0752-08-0550-I-1 (M.S.P.B. Aug. 13, 2008).  We affirm.

Koch began work for the Navy in 2002.  On July 6, 2005, he was suspended for two days based on his failure to report for duty.  On October 4, 2007, the Navy proposed to remove him for failure to remain on watch, unprofessional conduct and failure to obey.  Koch and the Navy subsequently entered into a settlement agreement, under which the Navy agreed to suspend Koch for thirty days rather than remove him, and he agreed to obtain counseling for anger management.

On February 19, 2008, while aboard the USNS KISKA, Koch reported to Donna R. Bennett, the ship's purser, that his common access card had expired and that he needed to have it renewed. Bennett informed Koch that he should have renewed his card while the ship was in Guam, and that she could not guarantee that she could assist him. According to Bennett, Koch then began to shout and accuse her of not doing her job. Bennett testified that she felt "physically threatened" by Koch "because he is a big man and he kept yelling."

Two days later, Koch went to the office of Chief Mate Addison Burroughs, where he made disparaging remarks about Bennett. Burroughs testified that Koch started "jabbing his finger" at him, cursed at him and only left his office after being asked to do so three times.

On May 6, 2008, the Navy removed Koch for unprofessional conduct and failure to obey. After the board affirmed the Navy's removal decision, Koch timely appealed to this court.

This court's review of a board decision is limited by statute. We must affirm such a decision unless it is arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, obtained without required procedures, or not supported by substantial evidence. 5 U.S.C. § 7703(c); Fields v. Dep't of Justice, 452 F.3d 1297, 1301 (Fed. Cir. 2006).

Substantial evidence supports the board's determination that Koch engaged in unprofessional conduct and failed to obey orders. Both Bennett and Burroughs testified that Koch acted in a belligerent and inappropriate manner, and Burroughs asserted that Koch only left his office after being asked to do so three times. As the board correctly

noted, the testimony of Bennett and Burroughs was "corroborated by their written statements and by the similarities in their descriptions of [Koch's] behavior." This court gives great weight to the board's credibility determinations, and the board found the testimony of Bennett and Burroughs to be more credible than that of Koch. See Hubbard v. United States, 480 F.3d 1327, 1332 (Fed. Cir. 2007) (A reviewing court should not "second guess" the credibility determinations made by a trial court.); Bieber v. Dep't of Army, 287 F.3d 1358, 1364 (Fed. Cir. 2002) ("The credibility determinations of an administrative judge are virtually unreviewable on appeal.").

The thrust of Koch's argument on appeal is that he "did [his] job very well," and that removal was therefore an unduly harsh penalty. This court, however, cannot overturn an agency's choice of "penalty unless it is unauthorized or exceeds the bounds of reasonableness because it is so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion, or where the record is devoid of any basis demonstrating reasonableness." Dominguez v. Dep't of Air Force, 803 F.2d 680, 684 (Fed. Cir. 1986). Here, Koch acted disrespectfully and inappropriately to both Burroughs and Bennett, and the Navy correctly concluded that this type of behavior could not be condoned in a situation in which employees "all had to live and work together in a small environment aboard a ship." Furthermore, this was the third disciplinary action taken against Koch since he began work with the Navy seven years earlier. Under such circumstances, the Navy did not act unreasonably in deciding to remove Koch from his position.

We have considered Koch's remaining arguments but find them unpersuasive.