NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHELLE PEREZ,**
*Petitioner*

**v.**

**DEPARTMENT OF THE ARMY,**
*Respondent*

---

2024-1835

---

Petition for review of the Merit Systems Protection Board in No. DA-0752-22-0143-I-1.

---

Decided:  April 22, 2026

---

GLEN D. MANGUM, Law Offices of Glen D. Mangum, San Antonio, TX, for petitioner.

ISABELLE AUBRUN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before REYNA, CLEVENGER, and CHEN, *Circuit Judges*.

REYNA, *Circuit Judge.*

Michelle Perez petitions from a final decision of the Merit Systems Protection Board affirming her removal from federal service due to failure to follow instructions and conduct unbecoming a supervisor. We affirm.

## BACKGROUND

On April 11, 2021, petitioner Michelle Perez accepted a position as a "Supervisory Accounting Technician" in the Uniform Business Office ("UBO") at Brooke Army Military Center in Fort Sam Houston, Texas. This position was subject to a one-year supervisory probation period.

On November 4, 2021, Ms. Perez's second-level supervisor, U.S. Army Major Matthew Slykhuis ("MAJ Slykhuis"), proposed to remove Ms. Perez based on two charges: failure to follow instructions and conduct unbecoming a supervisor (J.A. 98–101, "Notice of Proposed Removal").[1]

For the failure to follow instructions charge, MAJ Slykhuis listed six instances in which Ms. Perez allegedly failed to follow instructions. J.A. 98–99. These instances are referred to by the parties as "specifications." Three specifications referred to instances where Ms. Perez allegedly failed to follow the proper channels for certain tasks. *See id.* (specifications (b.), (e.), and (f.)).[2] The other three specifications referred to a failure to complete certain trainings and a failure to follow certain overtime procedures. *Id.* (specifications (a.), (c.), (d.)).

Concerning the conduct unbecoming a supervisor charge, MAJ Slykhuis listed three specifications

---

[1]    Ms. Perez had several supervisors, each at a different level of supervision.

[2]    MAJ Slykhuis alphabetized the specifications with letters, i.e., (a.)–(f.). J.A. 98–99. We do the same here.

supporting this charge.  J.A. 99–100.  Specification (a.) noted that Ms. Perez allegedly engaged in a heated disagreement with a subordinate, during which Ms. Perez complained about her first-level supervisor, Ms. Alpizar.  J.A. 99.[3]  Specification (b.) noted that Ms. Perez allegedly responded to a request from a supervisor for a weekly trend report noting that "I decided I will not do that report because I see no value."  J.A. 99–100.  Specification (c.) noted that in response to receiving an unfair labor practice charge from the union representing Ms. Perez's subordinate, Ms. Perez responded to the union with allegedly incorrect information.  J.A. 100.

On December 3, 2021, Ms. Perez responded to the Notice of Proposed Removal, noting "specifics and mitigating circumstances" of her time at UBO.  J.A. 360–70.  She also noted that removal was the "most extreme punishment" and that instead, she should receive an "incremental approach towards discipline."  J.A. 370.

On January 4, 2022, U.S. Army Lieutenant Colonel Stephen Schwab ("LTC Schwab"), Ms. Perez's third-level supervisor, sustained the charges and upheld the decision to remove Ms. Perez.  LTC Schwab explained that he reviewed the Notice of Proposed Removal and Ms. Perez's response, and "all relevant Douglas Factors."[4]  J.A. 354.  He concluded that the preponderance of the evidence supported the charges and specifications and that removal was

---

[3]    Specifications (a.) – (c.) for the conduct unbecoming a supervisor charge are separate and distinct from the specifications supporting the charge for the failure to follow instructions.

[4]    The "*Douglas* factors" refers to the twelve factors articulated in *Douglas v. Veterans Administration*, 5 M.S.P.B. 313 (1981) for an agency to consider when determining whether a penalty is appropriate.

warranted. On January 28, 2022, Ms. Perez was removed from service.

Ms. Perez subsequently appealed her removal to the Merit Systems Protection Board ("Board"), where she contested whether the charged conduct occurred and whether removal was an appropriate penalty under the *Douglas* factors. J.A. 1–46. In an initial decision, the administrative judge ("AJ") found that the U.S. Army ("Army" or "agency") proved by preponderant evidence (1) five of the six specifications for the failure to follow instruction charge and (2) two of the three specifications for conduct unbecoming a supervisor charge. J.A. 3–17. Relying on case law which notes that proof of one or more, but not all, supporting specifications is sufficient to sustain a misconduct charge, the AJ sustained both misconduct charges. *Id.* (*citing Burroughs v. Dep't of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990)). The AJ also determined that the Army had established a nexus between its charges and the efficiency of service. J.A. 17. Finally, the AJ upheld the Army's penalty of removal as reasonable. J.A. 17–20. The AJ relied on LTC Schwab's testimony, in which he explained that removal was appropriate because Ms. Perez (1) repeatedly engaged in misconduct, (2) was held to a higher standard as a supervisor, and (3) did not show remorse or take responsibility when faced with the proposed removal. J.A. 19.

The AJ's initial decision became the final decision of the Board. J.A. 47–54. Ms. Perez petitions for review of the Board's decision. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review of Board decisions is limited. 5 U.S.C. § 7703(c). We set aside a Board decision only when it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without

procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence[.]" *Id.*

Before removing an employee, an agency must prove by a preponderance of the evidence that: (1) the charged misconduct occurred, (2) there is a nexus between the employee's conduct and disciplining the employee to promote the efficiency of service, and (3) the penalty of removal is reasonable. *Hansen v. Dep't of Homeland Sec.*, 911 F.3d 1362, 1366 (Fed Cir. 2018). Ms. Perez challenges the Board's determination the Army proved by preponderant evidence the first and third requirements. Ms. Perez does not challenge the nexus requirement. We address each challenge in turn.

## I.

Ms. Perez argues that the Board's determination that the Army sufficiently showed that the charged misconduct occurred should be set aside. Petitioner Br. 9, 12–15. We disagree. Ms. Perez's primary argument for setting aside this determination is that the Army's Notice of Proposed Removal did not sufficiently apprise her of the charges, which somehow rendered the Board's decision improper. *See, e.g.*, Petitioner Br. 15. Ms. Perez, however, has forfeited this argument on appeal by not first raising it before the Board. *See Kachanis v. Dep't of Treasury*, 212 F.3d 1289, 1293 (Fed. Cir. 2000) ("[A]ppellants may not raise issues on appeal for the first time.").

Ms. Perez also summarily argues that the Board's determination is unsupported by substantial evidence. Petitioner Br. 15, 18. Ms. Perez's summary assertion of a lack of substantial evidence, however, has no merit. Here, in the initial decision, which became the Board's final decision, the AJ found that the Army sufficiently proved the charge of failure to follow instructions based on five specifications and the charge of conduct unbecoming a supervisor based on two specifications. The AJ's findings rested on testimony from Army officials and Ms. Perez, and

documents in the administrative record, including emails between Ms. Perez and her supervisors and other work colleagues. J.A. 4–17. This is substantial evidence that supports the AJ's findings. Apart from being summary, Ms. Perez's argument is an invitation for us to reweigh the evidence before the Board as to each specification. *See, e.g.,* Petitioner Br. 12 (arguing that specifications underlying the failure to follow instructions charge are allegedly incorrect because she "did not refuse to complete the training. . . . [but] simply failed to complete the training"). But we lack the authority to reweigh evidence. *Rickel v. Dep't of the Navy*, 31 F.4th 1358, 1366 (Fed. Cir. 2022). In sum, the Board's determination that the Army sufficiently showed the two charges of misconduct occurred is supported by substantial evidence.

## II.

Ms. Perez challenges as unsupported by substantial evidence the Board's determination that the Army sufficiently showed that the penalty of removal was reasonable. Petitioner Br. 17. Specifically, Ms. Perez argues that the Board erred as to *Douglas* factor 7—consistency of the penalty with any applicable agency table of penalties. *See id.* We reject Ms. Perez's argument.

"Determination of an appropriate penalty is a matter committed primarily to the sound discretion of the employing agency." *Hunt v. Dep't of Health & Human Servs.,* 758 F.2d 608, 611 (Fed. Cir. 1985). In determining the reasonableness of a penalty to be imposed, the agency considers the *Douglas* factors. *See Douglas v. Veterans Admin.,* 5 M.S.P.B. 313, 332–33 (1981). The *Douglas* factors are twelve nonexclusive factors for an agency to consider when determining whether a penalty is appropriate. *See id.* at 332. While not all factors will be pertinent to every case, the agency must "consider the relevant factors" and "strike a responsible balance" in selecting a penalty. *See id.* at 332–33.

In turn, when the Board reviews the agency's *Douglas* factor analysis, the Board's role is limited. *Norris v. S.E.C.*, 675 F.3d 1349, 1355 (Fed. Cir. 2012). It is to "assure that the agency did conscientiously consider the relevant [*Douglas*] factors and did strike a responsible balance within [the] tolerable limits of reasonableness." *Id.* (citation modified).

Substantial evidence supports the Board's determination that LTC Schwab sufficiently and appropriately considered *Douglas* factor 7, i.e., that the penalty be consistent "with any applicable table of penalties." LTC Schwab testified before the Board that he referred to the Fort Sam Houston Regulation Table of Penalties. J.A. 2042:22–2043:4. This table of penalties recommends a "written reprimand to 1-day suspension" for a first offense of failure to follow instructions and a "1-day suspension to removal" for a first offense of conduct unbecoming of a federal employee. J.A. 2439–40. LTC Schwab considered this range of penalties, *see* J.A. 1228, and ultimately settled on the penalty of removal. There is no error here. Even though removal was not a recommended penalty for the failure to follow instructions charge, removal was a recommended penalty for the conduct unbecoming a supervisor charge. Thus, LTC Schwab's decision to remove Ms. Perez was consistent with the applicable table of penalties.

As to the other *Douglas* factors, Ms. Perez fails to present any ground for disturbing the Board's review of the Army's assessment of these factors. As such, we uphold the Board's determination, which Ms. Perez has failed to show "is unauthorized or exceeds the bounds of reasonableness." *Dominguez v. Dep't of Air Force*, 803 F.2d 680, 684 (Fed. Cir. 1986). "Whether the court would have selected a different penalty had it made the initial determination is irrelevant." *Id.*

CONCLUSION

We have considered Ms. Perez's remaining arguments and find them unpersuasive.  For the foregoing reasons, we affirm the Board's decision.

**AFFIRMED**

COSTS

No costs.